Reggie WHITE, Michael Buck, Hardy Nickerson, Vann McElroy and Dave Duerson, Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc.; Buffalo Bills, Inc.; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns, Inc.; The Dallas Cowboys Football Club, Ltd.; PDB Sports, Ltd.; The Detroit Lions, Inc.; The Green Bay Packers, Inc.; Houston Oilers, Inc.; Indianapolis Colts, Inc.; Kansas City Chiefs Football Club, Inc.; The Los Angeles Raiders, Ltd.; Los Angeles Rams Football Company, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club, Inc.; KMS Patriots Limited Partnership; The New Orleans Saints Limited Partnership; New York Football Giants, Inc.; New York Jets Football Club, Inc.; The Philadelphia Eagles Football Club, Inc.; B & B Holdings, Inc.; Pittsburgh Steelers Sports, Inc.; The Chargers Football Company; The San Francisco Forty–Niners, Ltd.; The Seattle Seahawks, Inc.; Tampa Bay Area NFL Football Club, Inc.; and Pro–Football, Inc.; Defendants.

Civ. No. 4–92–906.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 20, 1993.

Edward M. Glennon, Carol T. Rieger, Charles J. Lloyd and Lindquist & Vennum, Minneapolis, MN, for named plaintiffs.

James W. Quinn, Jeffrey L. Kessler, Jonathan T. Weiss, Daniel Rubin, David G. Feher, Cathy E. Shore–Sirotin and Weil, Gotshal & Manges, New York City, for plaintiffs.

James Fitzmaurice, Daniel J. Connolly and Faegre & Benson, Minneapolis, MN, Herbert Dym, Gregg H. Levy and Covington & Burling, Washington, DC, Frank Rothman, Shepard Goldfein, William L. Daly and Skadden, Arps, Slate, Meagher & Flom, Los Angeles, CA, for defendants.

Peter S. Hendrixson and Dorsey & Whitney, Minneapolis, MN, for defendant Philadelphia Eagles Football Club, Inc.

Maxwell M. Blecher and Blecher & Collins, Los Angeles, CA, for defendant Philadelphia Eagles Football Club, Inc.

Thomas Fraser, Laurie J. Miller and Fredrikson & Byron, Minneapolis, MN, Don Howarth, Suzelle M. Smith and Howarth & Smith, Los Angeles, CA, for objector Leslie O'Neal.

## FINAL CONSENT JUDGMENT

DOTY, District Judge.

There having been executed a Stipulation and Settlement Agreement, dated February 26, 1993, providing for settlement of this action upon the terms and conditions set forth therein; and

There having been an application to this court for an order and judgment pursuant to Rule 23(e) of the Federal Rules of Civil Procedure approving the February 26 Stipulation and Settlement Agreement as fair, reasonable, and adequate; and

This court having determined by an order dated February 17, 1993 that this action may be maintained as a class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, on behalf of (i) all players who have been, are now, or will be under contract to play professional football for an NFL club at any time from August 31, 1987 to the date of final approval of the settlement of this action and the determination of any appeal therefrom, and (ii) all college and other football players who, as of August 31, 1987 through the date of final approval of the settlement of this action and the determination of any appeals therefrom, have been, are now, or will be eligible to play football as a rookie for an NFL team; and

This court, by an order dated February 26, 1993, having determined preliminarily that the original Stipulation and Settlement Agreement is fair, reasonable, and adequate, and having approved two proposed forms of notice, and having directed that notice be given to all class members, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, informing them of the proposed settlement of the action and of a hearing to be held on April 16, 1993 to determine whether the original Stipulation and Settlement Agreement should be finally approved by the court as fair, reasonable, and adequate; and due proof of mailing of the Notice to Class and of publication of the Summary Notice having been filed with the court; and

A hearing having been held before this court on April 16, 1993, pursuant to the court's February 26, 1993 order, at which all class members were afforded the opportunity to object to or otherwise express their views on the fairness, reasonableness, and adequacy of the settlement embodied in the February 26 Stipulation and Settlement Agreement; and

This court having considered the objections of certain class members as well as the Philadelphia Eagles and other interested persons; and

This court having determined that plaintiffs' predominant claim for relief is structur-

al, injunctive relief and therefore that mandatory class certification pursuant to Rule 23(b)(1) is proper; and

This court after due deliberation upon presentation of all the relevant facts, having rendered its determination that the February 26 Stipulation and Settlement Agreement is fair, reasonable, and adequate and should be approved in all respects, and that all objections to the proposed settlement should be overruled, for the reasons stated in the court's order of April 30, 1993, 822 F.Supp. 1389; and

The parties, on May 6, 1993 and before entry of a judgment pursuant to Rule 23(e), having agreed to certain amendments to the February 26 Stipulation and Settlement Agreement;[1] and

There having been an application to this court for an order and judgment pursuant to Rule 23(e) of the Federal Rules of Civil Procedure approving the Stipulation and Settlement Agreement, as amended, as fair, reasonable, and adequate; and

A hearing having been held before this court on June 1, 1993, at which all class members and other interested persons were afforded the opportunity to object to or otherwise express their views as to whether the proposed amendments to the Stipulation and Settlement Agreement should be preliminarily approved as fair, reasonable, and adequate, and whether notice to the class should be ordered; and

This court, by an order dated June 2, 1993, having determined preliminarily that the proposed amendments to the Stipulation and Settlement Agreement were fair, reasonable, and adequate to all class members, and having approved two forms of notice, and having directed that notice be given to all class members likely to be affected by the proposed amendments to the Stipulation and Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, informing them of the proposed amendments to the settlement of the action and of a

hearing to be held on July 7, 1993 to determine whether the Stipulation and Settlement Agreement, as amended, should be finally approved by the court as fair, reasonable, and adequate; and due proof of mailing of the Notice to Class and of publication of the Summary Notice having been filed with the court; and

A hearing having been held before this court on July 7, 1993, pursuant to the court's June 2, 1993 order, at which all class members were afforded the opportunity to object to or otherwise express their views on the fairness, reasonableness, and adequacy of the settlement embodied in the Stipulation and Settlement Agreement, as amended; and

This court having once again fully considered the objections of certain class members as well as the Philadelphia Eagles; and

This court after due deliberation upon presentation of all the relevant facts, having rendered its determination that the settlement embodied in the Stipulation and Settlement Agreement, as amended, is fair, reasonable, and adequate and should be approved in all respects, and that all objections to the proposed settlement, and the amendments thereto, should be overruled, and hereby are overruled, for the reasons stated in the court's accompanying opinion of August 19, 1993,

THEREFORE, without trial or final adjudication of any issue of fact or law herein and upon consent of the parties, it is:

ORDERED AND ADJUDGED, that the terms of the settlement of this action as set forth in the Stipulation and Settlement Agreement dated February 26, 1993, as amended on May 6, 1993, a copy of which is annexed hereto as Exhibit 1, are a fair, reasonable, and adequate settlement of the claims asserted in this action, and that said Stipulation and Settlement Agreement, as amended, be, and it hereby is, approved in all respects; and it is further

---

1. The Philadelphia Eagles object to this reference to "the parties", contending that they do not agree to proposed amendments. For the reasons set forth in the court's order of August 19, 1993, the court finds that the Eagles have no standing to object to that wording and are bound by the actions of the NFL Management Council. *See White v. National Football League,* 836 F.Supp. 1458, 1491–92 (D.Minn.1993).

ORDERED AND ADJUDGED, that the terms of the Stipulation and Settlement Agreement, as amended, are incorporated into and made part of this Final Consent Judgment; and it is further

ORDERED AND ADJUDGED, that the parties are hereby authorized and directed to consummate the terms and provisions of the Stipulation and Settlement Agreement, as amended; and it is further

ORDERED AND ADJUDGED, that the claims and counterclaims set forth in this action be, and they hereby are, dismissed on the merits, with prejudice and without costs (except those costs set forth in the Stipulation and Settlement Agreement, as amended), and the action is discontinued accordingly; and it is further

ORDERED AND ADJUDGED, that this Final Consent Judgment be, and it hereby is, a full and final discharge of, and conclusive as to, any and all liability with respect to the claims or counterclaims as specified in Article XIX of the Stipulation and Settlement Agreement, as amended; and it is further

ORDERED AND ADJUDGED, that in accordance with the terms of the Stipulation and Settlement Agreement, as amended, and without in any way affecting the finality of this Final Consent Judgment, this court retains exclusive jurisdiction over this action to effectuate and enforce the terms of the Stipulation and Settlement Agreement, as amended, and this Judgment; and it is further

ORDERED AND ADJUDGED, that no application for attorneys' fees or costs will be submitted by any party in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**