Reggie WHITE; Michael Buck; Hardy Nickerson; Vann McElroy; Dave Duerson, Plaintiffs–Appellees,

Byron Evans, Objector–Appellant,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc.; Buffalo Bills, Inc.; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns, Inc.; The Dallas Cowboys Football Club, Ltd.; PDB Sports, Ltd.; The Detroit Lions, Inc.; The Green Bay Packers, Inc.; Houston Oilers, Inc.; Indianapolis Colts, Inc.; Kansas City Chiefs Football Club, Inc.; The Los Angeles Raiders, Ltd.; Los Angeles Rams Football Company, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club, Inc.; KMS Patriots, L.P.; The New Orleans Saints Limited Partnership; New York Football Giants, Inc.; New York Jets Football Club, Inc., Defendants–Appellees,

The Philadelphia Eagles Football Club, Inc., Defendant,

B & B Holdings, Inc.; Pittsburgh Steelers Sports, Inc.; The Chargers Football; The San Francisco Forty–Niners, Ltd.; Seattle Seahawks, Inc.; Tampa Bay Area NFL Football Club, Inc.; Pro–Football, Inc., Defendants–Appellees.

---

Reggie White; Michael Buck; Hardy Nickerson; Vann McElroy; Dave Duerson, Plaintiffs–Appellees,

Sean JONES; Ken Norton, Jr.; Eric Allen; Patrick Hunter; William C. Matthews; Leslie O'Neal; Eric Sanders; Chris Dishman; Lomas Brown; Neil Smith; Van Waiters; Broderick Thompson; Curtis Duncan; Jerry Ball, Intervenors–Appellants,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc.; Buffalo Bills, Inc.; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns, Inc.; The Dallas Cowboys Football Club, Ltd.; PDB Sports, Ltd.; The Detroit Lions, Inc.; The Green Bay Packers, Inc.; Houston Oilers, Inc.; Indianapolis Colts, Inc.; Kansas City Chiefs Football Club, Inc.; The Los Angeles Raiders, Ltd.; Los Angeles Rams Football Company, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club, Inc.; KMS Patriots, L.P.; The New Orleans Saints Limited Partnership; New York Football Giants, Inc.; New York Jets Football Club, Inc., Defendants–Appellees,

The Philadelphia Eagles Football Club, Inc., Defendant,

B & B Holdings, Inc.; Pittsburgh Steelers Sports, Inc.; The Chargers Football; The San Francisco Forty–Niners, Ltd.; Seattle Seahawks, Inc.; Tampa Bay Area NFL Football Club, Inc.; Pro–Football, Inc., Defendants–Appellees.

Reggie White; Michael Buck; Hardy Nickerson; Vann McElroy; Dave Duerson, Plaintiffs–Appellees,

Terry Orr, Intervenor–Appellant,

Shane Collins; Ron Middleton, Intervenors,

Mark Schlereth, Intervenor–Appellant,

Kelly Goodburn; David Gulledge; Ed Simmons, Intervenors,

Matt Elliot; Joe Jacoby, Intervenors–Appellants,

Sidney Johnson; Kurt Gouveia; Ravin Caldwell, Intervenors,

Mark Rypien, Intervenor–Appellant,

James A. Jenkins; Johnny Thomas; Eric Williams; Don Warren; Jeff Bostic; Todd Bowles, Intervenors,

Ray Brown, Intervenor–Appellant,

Jason Buck, Intervenor,

Earnest A. Byner, Intervenor–Appellant,

Desmond Howard; Anthony Johnson; Brian Mitchell, Intervenors,

Ricky Sanders, Intervenor–Appellant,

Paul SIEVER, Intervenor,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc.; Buffalo Bills, Inc.; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns, Inc.; The Dallas Cowboys Football Club, Ltd.; PDB Sports, Ltd.; The Detroit Lions, Inc.; The Green Bay Packers, Inc.; Houston Oilers, Inc.; Indianapolis Colts, Inc.; Kansas City Chiefs Football Club, Inc.; The Los Angeles Raiders, Ltd.; Los Angeles Rams Football Company, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club, Inc.; KMS Patriots, L.P.; The New Orleans Saints Limited Partnership; New York Football Giants, Inc.; New York Jets Football Club, Inc., Defendants–Appellees,

The Philadelphia Eagles Football Club, Inc., Defendant,

B & B Holdings, Inc.; Pittsburgh Steelers Sports, Inc.; The Chargers Football; The San Francisco Forty–Niners, Ltd.; Seattle Seahawks, Inc.; Tampa Bay Area NFL Football Club, Inc.; Pro–Football, Inc., Defendants–Appellees.

Reggie White; Michael Buck; Hardy Nickerson; Vann McElroy; Dave Duerson, Plaintiffs–Appellees,

Mark DUSBABEK; Carl Lee; Audray McMillian; Felix Wright; Cody Risien; Mark Harper; Sammy Martin; Don Beebe; Gregory Scales, Objectors–Appellants,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc.; Buffalo Bills, Inc.; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns, Inc.; The Dallas Cowboys Football Club, Ltd.; PDB Sports, Ltd.; The Detroit Lions, Inc.; The Green Bay Packers, Inc.; Houston Oilers, Inc.; Indianapolis Colts, Inc.; Kansas City Chiefs Football Club, Inc.; The Los Angeles Raiders, Ltd.; Los Angeles Rams Football Company, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club, Inc.; KMS Patriots, L.P.; The New Orleans Saints Limited Partnership; New York Football Giants, Inc.; New York Jets Football Club, Inc., Defendants–Appellees,

The Philadelphia Eagles Football Club, Inc., Defendant,

B & B Holdings, Inc.; Pittsburgh Steelers Sports, Inc.; The Chargers Football; The San Francisco Forty–Niners, Ltd.; Seattle Seahawks, Inc.; Tampa Bay Area NFL Football Club, Inc.; Pro–Football, Inc., Defendants–Appellees.

Reggie WHITE; Michael Buck; Hardy Nickerson; Vann McElroy; Dave Duerson, Plaintiffs–Appellees,

Maurice Hurst; John Fourcade, Objectors–Appellants,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc.; Buffalo Bills, Inc.; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns, Inc.; The Dallas Cowboys Football Club, Ltd.; PDB Sports, Ltd.; The Detroit Lions, Inc.; The Green Bay Packers, Inc.; Houston Oilers, Inc.; Indianapolis Colts, Inc.; Kansas City Chiefs Football Club, Inc.; The Los Angeles Raiders, Ltd.; Los Angeles Rams Football Company, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club, Inc.; KMS Patriots, L.P.; The New Orleans Saints Limited Partnership; New York Football Giants, Inc.; New York Jets Football Club, Inc., Defendants–Appellees,

The Philadelphia Eagles Football Club, Inc., Defendant,

B & B Holdings, Inc.; Pittsburgh Steelers Sports, Inc.; The Chargers Football; The San Francisco Forty–Niners, Ltd.; Seattle Seahawks, Inc.; Tampa Bay Area NFL Football Club, Inc.; Pro–Football, Inc., Defendants–Appellees.

Nos. 93–3375, 93–3381, 93–3382, 93–3403, 93–3415.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1994.

Decided Dec. 6, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 20, 1995.*

* Judge Loken took no part in the consideration or decision of these cases.

Suzzelle Smith, Los Angeles, CA, argued (Burton J. Kinerk, Kenneth Lee and Colleen L. Kinerk, Tucson, AZ; W. Joseph Bruckner, Earle F. Kyle, IV, Thomas S. Fraser and

Laurie J. Miller, Minneapolis, MN; Don Howarth, Los Angeles, CA; Gary C. Adler and John J. McDermott, Washington, DC, on briefs), for appellant.

Jeffrey L. Kessler, New York City, argued (James Fitzmaurice, Daniel J. Connolly, Edward M. Glennon, Charles J. Lloyd and Mark A. Jacobson, Minneapolis, MN; Herbert Dym, Gregg H. Levy and Neil K. Roman, Washington, DC; Frank Rothman, Shepard Goldfein and William L. Daly, Los Angeles, CA; James W. Quinn, Jonathan T. Weiss, David G. Feher, Daniel Rubin and Jay L. Levine, New York City, on brief), for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Twenty-six football players ("objectors") appeal the settlement of an antitrust action brought by a certified class of football players against the National Football League. The district court[1] initially certified the class in an order issued on April 30, 1993, *White v. NFL*, 822 F.Supp. 1389 (D.Minn.1993), and approved the settlement in an order and a judgment decree issued on August 20, 1993, *White v. NFL*, 836 F.Supp. 1458 (D.Minn. 1993); *White v. NFL*, 836 F.Supp. 1508 (D.Minn.1993). The objectors now challenge the district court's certification of a mandatory class represented by the named plaintiffs, the district court's approval of the settlement agreement, and the district court's jurisdiction to enjoin related actions. We affirm.

## I.

The settlement agreement purports to end a six-year dispute between the NFL member teams and their player-employees. The central issue in this labor dispute was the conflict between the players' desire for complete free agency and the NFL's desire to maintain competitive balance among its teams. A 1987 player strike failed to produce a compromise, and various antitrust actions followed. *See, e.g., Powell v. NFL*, 711 F.Supp. 959 (D.Minn.1989), 930 F.2d 1293 (8th Cir. 1989), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 711, 112 L.Ed.2d 700 (1991) (holding that nonstatutory labor exemption precluded antitrust challenge); *Powell/McNeil v. NFL*, 764 F.Supp. 1351 (D.Minn.1991) (recognizing National Football League Players Association's disclaimer of its status as exclusive collective bargaining representative, thus ending the nonstatutory labor exemption); and *McNeil v. NFL*, 1992 WL 315292 (D.Minn.1992) (special verdict finding that employment rules harmed competition for players' services and were more restrictive than necessary to achieve competitive balance among teams). Shortly after the special verdict in *McNeil, id.,* a group of players filed *White v. NFL,* the class action which resulted in the challenged settlement.

In early 1993, the parties to *White v. NFL* agreed to settle that case as well as other litigation related to the ongoing employment dispute. The District Court assisted in the settlement process by conditionally certifying a non-opt-out class pursuant to Fed.R.Civ.P. 23(b)(1). *White v. NFL*, Civ. No. 4–92–906 (D.Minn.1993); *White v. NFL*, Civ. No. 4–92–906 (D.Minn.1993). The class consisted of

(i) all players who have been, are now, or will be under contract to play professional football for an NFL club at any time from August 31, 1987, to the date of final approval of the settlement of this action and the determination of any appeal therefrom, and (ii) all college and other football players who, as of August 31, 1987, through the date of final approval of the settlement of this action and the determination of any appeals therefrom, have been, are now, or will be eligible to play football as a rookie for an NFL team. *Id.*

The parties then entered into a settlement agreement, which received preliminary ap-

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

proval from the district court. *White v. NFL,* Civ. No. 4–92–906 (D.Minn.1993). In accordance with the district court's instructions, the White plaintiffs notified class members of the proposed settlement by mail and by publication of a summary in a national newspaper. Several weeks later the district court convened a hearing to provide those who objected to the proposed settlement with an opportunity to present their views. The district court then issued a lengthy order overruling these objections and enjoining individual lawsuits by class members with similar claims. *White v. NFL,* 822 F.Supp. 1389 (D.Minn.1993). Approximately one week later, the NFL and the National Football League Players Association entered into a new collective bargaining agreement incorporating the terms of the settlement agreement as well as other rules regarding NFL player-employees. Upon motion to amend the original settlement to conform to the terms of the new collective bargaining agreement, the district court agreed to repeat the settlement approval process as well as to make additional factual findings. *White v. NFL,* 836 F.Supp. 1458 (D.Minn.1993). The process of notification, review of objections, and hearings culminated on August 20, 1993, with the district court's entry of an order approving the settlement agreement, *id.,* and final consent judgment. *White v. NFL,* 836 F.Supp. 1508 (D.Minn.1993).

## II.

■ Mandatory class certification pursuant to Fed.R.Civ.P. 23(b)(1) is subject to the discretion of the district court. *See, e.g., Chaffin v. Rheem Mfg. Co.,* 904 F.2d 1269, 1275 (8th Cir.1990). The objectors contend that the district court erred in failing to apply the standard set forth by the Supreme Court in *Phillips Petroleum Co. v. Shutts,* which required that "an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court," at least in cases seeking

primarily monetary damages. 472 U.S. 797, 811–12, 105 S.Ct. 2965, 2974, 86 L.Ed.2d 628 (1985). In the present case, however, there exists no absent plaintiff whose due process rights must be protected in this fashion. Rather, each of the objectors was subject to the jurisdiction of the district court. *See White v. NFL,* 836 F.Supp. at 1501–1504.

■ For a court to exercise personal jurisdiction, the party must have "minimum contacts" with the forum such that the maintenance of the suit does not violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *citing Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940). This personal jurisdiction requirement is not an Article III restriction on the federal courts, but rather an individual liberty interest flowing from the Due Process Clause. *Insurance Corp. of Ireland, Ltd., et al. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Like other such rights, therefore, the personal jurisdiction requirement can be waived. *Id.* at 703, 102 S.Ct. at 2105. Fed.R.Civ.P. 12(h) contemplates the involuntary waiver of a defense of lack of personal jurisdiction if it is not included in a motion or in a responsive pleading. We have previously held, moreover, that the rule "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990), *citing Marquest Medical Prods. v. EMDE Corp.,* 496 F.Supp. 1242, 1245 n. 1 (D.Col.1980). Thus when a party had actively participated in discovery, filed various motions, participated in a five-day trial, and filed post-trial motions, the unsupported assertion of a jurisdictional defense in answer to the original complaint did not preclude a determination that the party intended to submit to the court's jurisdiction. *Yeldell* at 539. The Third Circuit has concluded, we think correctly, that a party to a mandatory class action who appears in court to contest inclusion in the class is analogous to a party who appears merely to contest jurisdiction, and should be deemed to consent to

jurisdiction only if it actually litigates the adequacy of class representation or the underlying merits of the case. *In re Real Estate Title and Settlement Servs. Antitrust Litig.*, 869 F.2d 760, 770–71 (3rd Cir.1989), *cert. denied,* 493 U.S. 821, 110 S.Ct. 77, 107 L.Ed.2d 44 (1989). In the present case, each of the objectors either had minimum contacts with the forum or submitted himself to the jurisdiction of the district court by appearing through counsel to contest the merits of the settlement, offering testimony, cross-examining witnesses, and filing numerous memoranda of law regarding the settlement. *White v. NFL,* 836 F.Supp. at 1503. The district court's inclusion of the objectors in the mandatory class thus constituted a proper exercise of discretion.

Because of our view of the jurisdictional issue, we do not reach the issue raised by the objectors and left undecided by *Shutts,* namely whether a trial court may certify a non-opt-out plaintiff class in an action brought primarily for injunctive relief under Fed.R.Civ.P. 23(b)(1). *Shutts,* 472 U.S. at 811 n. 3, 105 S.Ct. at 2974 n. 3.

### III.

■ Failing to upset certification of the class, the objectors argue that the named plaintiffs and their counsel inadequately represented the class. Among the prerequisites to a class action is Fed.R.Civ.P. 23(a)(4), which requires that the representative parties "fairly and adequately protect the interests of the class." The objectors cite several attorneys' prior involvement in related lawsuits, as well as specific awards to the named plaintiffs, as evidence that the settlement agreement was based primarily on the self-interest of the named plaintiffs and their counsel. The adequacy of class representation, however, is ultimately determined by the settlement itself. *See In re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 212 (5th Cir.1981). The district court noted that the previous experience of counsel was "likely a prerequisite to the parties' ultimate agreement to settle," *White v. NFL,* 822

F.Supp. at 1405, and, more to the point, did not affect counsel's ability to represent the plaintiff class vigorously. With respect to the representative parties' awards, the district court recognized the potential for controversy but cited a series of cases in which named plaintiffs received additional awards based on their efforts and risks in the case. *White v. NFL,* 822 F.Supp. at 1406, *citing, e.g., Thornton v. East Texas Motor Freight,* 497 F.2d 416, 420 (6th Cir.1974); *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 250 (S.D.Ohio 1991). There is, moreover, substantial evidence that the settlement agreement provides significant benefits to the class. *White v. NFL,* 836 F.Supp. at 1479–83. The district court thus reasonably concluded that the interests of the plaintiff class were protected by the settlement agreement.

### IV.

■ The objectors also contest the district court's final approval of the settlement agreement on the grounds that class members were given inadequate notice of the proposed settlement. Fed.R.Civ.P. 23(e) requires only that notice be given "in such a manner as the court directs" prior to settlement. The district court required direct mailing of notice to all class members' last known address approximately one month prior to the first settlement hearing, as well as publication of notice in a national newspaper. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 121 (8th Cir.1974) (stating that individualized notice by mail is the best notice practicable in a class action contest) (citations omitted). This notification process was repeated before the hearing regarding the revised settlement agreement. As the district court noted, the proposed settlement agreement also received extensive coverage in the national press. Finally, the district court entertained all objections offered by class members as well as other interested parties, regardless of whether the objections had been submitted in writing by the announced deadline. Under these circumstances, the class members received ade-

quate notice of the proposed settlement and were given multiple opportunities to challenge their inclusion in the plaintiff class.

## V.

 Finally, the objectors allege that the district court lacked jurisdiction to enjoin related actions pursued in other fora. The district court cites two independently sufficient bases for jurisdiction, personal jurisdiction over the objectors and the All–Writs Act, 28 U.S.C. § 1651. The All–Writs Act states in relevant part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While the All–Writs Act is not an independent grant of jurisdiction, the ability to facilitate the present settlement by enjoining related suits of absent class members is ancillary to jurisdiction over the class action itself. *See, e.g., In re Corrugated Container Antitrust Litig.,* 659 F.2d 1332, 1334 (5th Cir.1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982). If the district court were to approve the settlement without enjoining at least related claims, the agreement would be inadequate to end litigation relating to the labor dispute. Therefore, the district court properly exercised its jurisdiction by enjoining related actions.

## VI.

For the foregoing reasons, we affirm the approval of the settlement agreement by the district court.