I concur in the result reached by the majority in this case, but for reasons different from those expressed by the majority. The majority concludes that the rule we established in Ex parteFirst National Bank of Jasper, 717 So.2d 342 (Ala. 1997) ("FNB ofJasper III"), should apply on a "case-by-case basis" to those cases that were in various stages of litigation when FNB ofJasper III was released. 718 So.2d at 25. However the specific problem presented by this case can be adequately addressed by recognizing the distinction between the situations in which the first-filed action was filed in a state court and those situations — like this one — in which the first-filed action was filed in a federal court.
There is no question that here the first-filed action was commenced in a federal court. Of course, the rule of FNB ofJasper III does not apply retroactively in a federal *Page 26 
court — it does not apply in a federal court at all.
Indeed, it cannot apply to actions pending in federal courts. This is so because the courts of the United States are courts of another sovereign, over which the courts of Alabama have no supervisory control or jurisdiction. Even more fundamentally, the application of FNB of Jasper III to class actions pending in federal courts would be prohibited by U.S. Const. art. VI, cl. 2, the "Supremacy Clause," which states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding."
The rule set forth in FNB of Jasper III is a state law that is "contrary" to federal class-action law. Specifically, United States district courts, pursuant to the All Writs Act, 28 U.S.C. § 1651, readily exercise the power to enjoin competing class actions, whether those competing actions are pending in state courts or in other federal courts. See White v. National FootballLeague 822 F. Supp. 1389, 1433-34 (D.Minn. 1993), aff'd,41 F.3d 402 (8th Cir. 1994), cert. denied sub nom. Jones v. NationalFootball League, 515 U.S. 1137, 115 S.Ct. 2569, 132 L.Ed.2d 821
(1995). They exercise this power regardless of the priority offiling. Id. They are aided, of course, in the discretionary exercise of this power by the Judicial Panel on Multidistrict Litigation, established pursuant to 28 U.S.C. § 1407 — an auxiliary feature notably absent from Alabama law. Not only isFNB of Jasper III "contrary" to federal law, but its application would literally oust a United States district court of jurisdiction — a legal impossibility under the Supremacy Clause.
As a cogent example of such a result, assume that, unlike the scenario involved in this case, an action containing class allegations is filed in a state court, followed by the filing of an action containing identical allegations in a United States district court. If FNB of Jasper III applied to class actions proceeding in federal courts, it would arguably deprive that district court — indeed, every United States district court in the nation — of jurisdiction over class actions filed after the commencement of the Alabama state-court action, at least insofar as they included the same putative class members. This result is impossible under the Supremacy Clause. The rule of FNB of JasperIII has no application, therefore, to a class action commenced in a federal court.
The settlement judgment in this case does not contravene the rule expressed in FNB of Jasper III. It is therefore enforceable under an approach that recognizes that the rule of FNB of Jasper III has no application to a class action commenced in a federal court. I therefore court, but in the result only.