STATE of Missouri, ex rel. MERCANTILE BANK OF SPRINGFIELD, Relator,

v.

Honorable William H. PINNELL, Jr., Judge of the 39th Judicial Circuit, Respondent.

No. 17110.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 26, 1991.

Glenn A. Burkart, Bruce E. Hunt, Mann, Walter, Burkart, Weathers & Walter, Springfield, for relator.

Richard E. Davis, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

PARRISH, Presiding Judge.

This is an original action in prohibition in which relator seeks to prohibit the respondent judge from overruling or denying its motion to intervene in a civil lawsuit pending in the Circuit Court of Lawrence County. A preliminary order in prohibition was entered.[1] Rule 97.04.[2] For the reasons that follow, that preliminary order is quashed.

Relator, Mercantile Bank of Springfield (Mercantile), is holder of a promissory note executed by Daniel A. Nichols and Janice L. Nichols. The promissory note is secured by a deed of trust on certain real estate situated in Lawrence County, Missouri, owned by the makers of the promissory note. On or about February 5, 1988, a residence on that real estate was destroyed by fire. The Nichols (hereafter referred to as plaintiffs) thereafter commenced an action in the Circuit Court of Lawrence County against the operator of a propane gas business, who was allegedly hired by plaintiffs to examine a furnace in their residence and to determine the gas pressure to the furnace, and against the person who allegedly sold the furnace to plaintiffs and installed it in their residence. In that action plaintiffs allege that the destruction of their residence was caused by the negligence of those defendants. Plaintiffs seek damages for the destruction of the residence.

Mercantile filed a motion to intervene in plaintiffs' Lawrence County action. Its motion alleged that at the time the fire destroyed plaintiffs' residence, the residence was uninsured against fire loss; that plaintiffs previously had a policy of insurance that insured the premises against loss by fire, but prior to the date the fire occurred, the policy had lapsed because plaintiffs failed to pay the required insurance premiums.[3] The motion alleged that Mercantile was a named loss payee on the prior policy of insurance, but because the policy had lapsed at the time the residence was destroyed, Mercantile recovered no funds. It alleged that Mercantile's security, the real estate on which plaintiffs' residence was located, "ha[d] been substantially reduced and impaired by the destruction of the residence by fire." Mercantile sought leave to intervene in order to establish "an equitable lien in its favor on the proceeds of any settlement or money judgment ... to the extent of the unpaid balance due and owing on the unpaid promissory note." The respondent judge overruled Mercantile's motion to intervene but stayed his ruling for fourteen days during which time Mercantile sought and obtained the preliminary order in prohibition previously issued by this court.

Mercantile contends that the respondent judge erred and exceeded his jurisdiction in not granting its motion to intervene. Mercantile argues that it has a right to intervene in the pending suit brought by plaintiffs by reason of Rule 52.12(a). Rule 52.-12(a) states:

1. A preliminary order in prohibition was issued in this case notwithstanding that relator might have pursued a direct appeal from the order denying the motion to intervene that is the basis for this action. *See State ex rel. Reser v. Martin,* 576 S.W.2d 289 (Mo. banc 1978). The subject matter of this action impacts upon a pending lawsuit in which there would be no mechanics for staying the trial if the issue had been addressed by direct appeal. *See State ex rel. Mayweather v. Bondurant,* 538 S.W.2d 953, 954 (Mo. App.1976).

2. Rule references are to Missouri Rules of Civil Procedure (1991) unless otherwise stated.

3. Plaintiffs were required, by the terms of the deed of trust that secures payment of the promissory note held by Mercantile, to keep the residence insured and to name the holder of the note as a loss payee. Notwithstanding the fact that the residence was not insured at the time of the fire, Mercantile has not undertaken to foreclose on the collateral in accordance with the terms of the deed of trust. Although the date passed when the promissory note specifies the balance owed to be due and payable, Mercantile has continued to accept payments from plaintiffs and plaintiffs have continued to make payments to Mercantile. At the time oral arguments were heard in this case, Mercantile did not consider the promissory note to be in default.

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As noted by the committee note following Rule 52.12, "[p]aragraph (a) is the same as Rule 24(a) of the Federal Rules of Civil Procedure except for the reference to Missouri statutes instead of statutes of the United States."

Both Mercantile and respondent direct this court's attention to the analysis of the requirements of Rule 52.12(a) that is set forth in *State ex rel. St. Joseph Ass'n of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph*, 579 S.W.2d 804, 806 (Mo.App.1979). In that case, the western district of this court aptly pointed out the three elements required to establish that a person seeking to intervene is entitled to do so as a matter of right. Those elements are:

(1) the applicant must show an "interest" in the subject of the action in which he seeks to intervene;

(2) he must show that his ability to protect his interest will be impaired or impeded as a practical matter; and

(3) he must show that his interest is not adequately represented by the existing parties.

*Id.* A motion to intervene may be denied if even one of the requirements is not met. *See Lewis v. Barnes Hospital*, 685 S.W.2d 591 (Mo.App.1985); *see also*, with respect to Fed.R.Civ.P. 24(a), *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir.1984).

The third element of Rule 52.12(a) is determinative. Mercantile has failed to show that its interest is not adequately represented by the existing parties to plaintiffs' action. Mercantile made no claim that plaintiffs' lawsuit is not being effectively prosecuted nor has Mercantile expressed any desire to become an active participant in the lawsuit for any purpose other than to assert a claim for an "equitable lien in its favor on the proceeds of any settlement or money judgment." [4]

The "interest" which Mercantile is entitled to have "adequately represented" is its "interest regarding the issues in the original petition [filed by the plaintiffs]." *Ratermann v. Ratermann Realty & Investment Co.*, 341 S.W.2d 280, 287 (Mo.App. 1960). It does not extend to new issues Mercantile wishes to bring into the case. *Id.* "It is clear that no new or foreign issues can be interjected into [plaintiffs' lawsuit] by the intervenor." *State ex rel. State Farm Mut. Automobile Ins. Co. v. Craig*, 364 S.W.2d 343, 349 (Mo.App.1963). An attempt to impose an equitable lien would be a "new or foreign" issue with respect to plaintiffs' cause of action.

Since a motion to intervene may be denied unless all requirements of Rule 52.-12(a) are met, and Mercantile has failed to show the presence of the third requirement, it is unnecessary to discuss the remaining two. *Lewis v. Barnes Hospital, supra.* The Preliminary Order in Prohibition previously entered whereby respondent was directed to take no further action in case No. CV388–357CC pending in the Circuit Court of Lawrence County is ordered quashed.

FLANIGAN, C.J., and SHRUM, J., concur.

4. On oral argument of this case, counsel for Mercantile was asked whether Mercantile was dissatisfied with plaintiffs' effort to prosecute their lawsuit and whether Mercantile desired to actively participate in that lawsuit. Consistent with Mercantile's pleadings in this court and in the trial court in which plaintiffs' lawsuit is pending, counsel responded in the negative.