Harley C. McDANIEL and Delores M. McDaniel, Plaintiffs/Respondents,

and

Standard Bank & Trust, Intervenor/Appellant,

v.

PARK PLACE CARE CENTER, INC., William W. Merrion Trust, and William W. Merrion, Defendants/Respondents.

No. WD 47648.

Missouri Court of Appeals, Western District.

Sept. 7, 1993.

Benny J. Harding and David J. Weimer, Berman, DeLeve, Kuchan & Chapman, Kansas City, for intervenor-appellant.

G. Spencer Miller, Philip R. Holloway, Kansas City, Daniel Robert DeFoe, Blue Springs, for defendants-respondents.

H. Kent Desselle, Independence, for plaintiffs-respondents.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

Standard Bank & Trust appeals the order of the trial court denying it the right to intervene in an action between Harley and Delores McDaniel and William W. Merrion, individually and as trustee for the William W. Merrion Trust. Reversed and remanded.

■ The McDaniels and Trustee are the owners of the Park Place Meadows Nursing Home. The McDaniels previously were the sole owners of the Nursing Home, but sold 75% of their interest to the Trustee in October, 1984. The McDaniels filed suit alleging that the Trust and Merrion, individually, had taken over control of the Nursing Home, misappropriated funds, and withheld profits due the McDaniels. In their first petition, the McDaniels claimed they were in a partnership with the Trustee. However, in their Second Amended Petition, the McDaniels made no reference to a partnership and claimed they sold a part interest in the ownership and operation of the Nursing Home to Trustee. The McDaniels prayed for the following: a determination of the legal relationship of the parties; if found to be a partnership, the dissolution of that partnership; an accounting and remittance of profits due to the McDaniels; punitive damages. The Trustee denied the McDaniels allegation as to joint ownership and operation of the Nursing Home and made counterclaims against the McDaniels.

The Bank made a $700,000 loan to Harley McDaniel for his company, Inter–City Excavating. Both Harley and Delores individually guaranteed the loan. The loan was secured in part by a collateral assignment of Harley's share of the partnership income

from the Nursing Home. The McDaniels also jointly executed a Collateral Assignment of Interest in the underlying litigation after its commencement which granted the Bank a 75% interest in the proceeds of the litigation up to a recovery of $200,000. The loan to Inter–City is currently in default.

The Bank argues that the McDaniels in the second amended petition abandoned their position that they had a partnership interest in the Nursing Home. The Bank only has an assignment of income which the McDaniels receives from a partnership. Thus, the Bank contends that the McDaniels have jeopardized its interest in the assignment by alleging a right to receive revenue from a source other than a partnership.

■ The applicable standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The trial court's judgment will be reversed if it erroneously declares or applies the law. The burden is on the intervenor, as pleader, to show all the elements required for intervention as of right. *State ex rel. St. Joseph, Mo. Assoc. of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph*, 579 S.W.2d 804, 808[8] (Mo.App.1979).

A would-be intervenor must meet three requirements in order to have the right to intervene under Rule 52.12(a). Those requirements are as follows:

(1) the applicant must show an "interest" in the subject of the action in which he seeks to intervene;

(2) he must show that his ability to protect his interest will be impaired or impeded as a practical matter; and

(3) he must show that his interest is not adequately represented by the existing parties.

*State ex rel. Mercantile Bank v. Pinnell*, 804 S.W.2d 63, 65[1–2] (Mo.App.1991). To warrant intervention as a matter of right all three requirements must be met. *Id.* at 65.

The first requirement is that the Bank have an interest in the subject of the action. The test for determining whether one has an interest is stated in *Matter of Trapp*, 593 S.W.2d 193 (Mo. banc 1980). The Court

defined interest as it had in *State ex rel. Farmers Mutual Automobile Ins. Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318 (1954), as follows:

> One interested in an action is one who is interested in the outcome … because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action. [I]nterest means a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action, but … not … a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; … the "interest" must be such an immediate and direct claim upon the very subject matter of the action that intervener [sic] will either gain or lose by the *direct operation* of the judgment that may be rendered therein.

*Trapp* at 204, *quoting*, *Weber*, 273 S.W.2d at 321[14] (Emphasis original). The Bank has a sufficient interest to justify intervention as of right under the definition of interest in *Trapp*. As a result of the assignment of the litigation proceeds, the Bank has a legal right which will be affected by the outcome of the litigation; the Bank has a direct and immediate claim to the proceeds sought by the McDaniels; and, the Bank stands to gain or lose by the direct operation of the judgment.

The second requirement is also met. Because of the assignment of the litigation proceeds to the Bank, the Bank's ability to protect its interest will be impaired or impeded as a result of the trial court's disposition of this case. Indeed, this is the Bank's only opportunity to protect its interest in the determination of the amount to which the McDaniels and the Bank are entitled. Though the Bank may bring another action against the McDaniels on the loan, the Bank cannot re-litigate the finding of the trial court in determining the right of the McDaniels to recover from the trust and the trustee.

The third requirement is also met. Here the McDaniels could settle their claims for far less than they might be entitled to if the case were tried on its merits. *State ex rel. Duggan v. Kirkwood*, 357 Mo. 325, 208 S.W.2d 257, 261–62[6] (1948), *overruled on other grounds by Reser v. Martin*, 576 S.W.2d 289 (Mo. banc 1978). Such a settlement would impact on the amount the Bank would receive under its assignment of the proceeds of the suit against the trust and trustee. Further, the McDaniels and the Bank are in an adversary relationship with reference to whether or not there is a partnership interest in the Nursing Home. The Bank must establish that the McDaniels have a partnership interest in the Nursing Home in order to receive payment under the original assignment. On the other hand, the McDaniels would be entitled to receive income under any form of ownership. Because of these conflicts, the Bank's interest is not adequately represented.

The Bank has met all of the requirements to be allowed to intervene as a matter of right. In denying the Bank the right to intervene, the court misapplied the law. The judgment is reversed and this cause is remanded with directions to allow the Bank to intervene in the suit between the McDaniels and the trust and trustee.

All concur.