STATE of Missouri ex rel. Charles
B. EDEL and Suzanne Edel,
Respondents,

v.

CITY OF SPRINGFIELD, Respondent.

Glenstone I, L.P., a Texas limited
partnership, Appellant.

No. 20823.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 1996.

Michael T. White, Cathy J. Dean, Polsinelli, White, Vardeman & Shalton, Kansas City, for appellant.

Richard E. Dorr, Timothy M. McDuffey, Dorr, Baird and Lightner, Springfield, for respondents Charles B. Edel and Suzanne Edel.

No appearance for respondent City of Springfield.

CROW, Presiding Judge.

Appellant, Glenstone I, L.P., a Texas limited partnership, brings this appeal from an order denying its application to intervene in a suit by Charles B. Edel and Suzanne Edel ("Edels") against the City of Springfield ("City"). Appellant maintains Rule 52.12(a) grants it the right to intervene.

Rule 52.12 has remained unchanged since January 1, 1994. Paragraph "(a)" thereof reads:

> "Upon timely application anyone shall be permitted to intervene in an action: (1) ... (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978), the Supreme Court of Missouri held there is "a right of appeal from denial of [an] application to intervene of right under Rule 52.12(a)." [1] That holding confers appealability on the order appealed from here.

The record on appeal consists of only a legal file. Nothing in it shows the trial court heard evidence regarding Appellant's application to intervene. Consequently, our account of the facts is confined to those established by the pleadings.

On the date Appellant brought this appeal, Edels' suit against City was pending on Edels' two-count first amended petition and City's answer.

Edels' Count I seeks judicial review under § 536.150, RSMo 1994, of the adoption of Council Bill No. 95–6 by City's city council. Count I avers Bill 95–6 vacated a segment of Mobile Avenue that provides "vehicle access" to a tract of land owned by Edels and occupied by two "business tenants." According to Count I, City's action was "unreasonable, arbitrary, capricious and involved an abuse of [City's] discretion." Count I prays the trial court to order City "to set aside the vacation of Mobile Avenue."

Edels' Count II makes the same attack on Bill 95–6 and prays for a declaratory judg-

---

**1.** The version of Rule 52.12(a) in effect when *Reser* was decided is quoted in 576 S.W.2d at 290. That version is identical to the current version except for changes in language to make the current version gender neutral.

ment proclaiming the bill "invalid, unlawful and void" and directing City "to set aside the vacation of Mobile Avenue."

Attached to Edels' petition and incorporated therein by reference are thirteen documents. They reveal the origin of the suit.

Appellant is developing land adjacent to Edels' tract. The development includes a Wal–Mart store. Independence Street, which runs generally west to east, provides access to the development. Glenstone Avenue,[2] a major thoroughfare which runs northwest to southeast, lies east of Appellant's development and Edels' tract. Mobile lies parallel to, and immediately west of, Glenstone. The east boundary of Edels' tract abuts Mobile.

To carry the anticipated traffic to the development, an intersection with signals was designed where Independence meets Glenstone. Because of the proximity of Mobile to Glenstone, the staff of City's planning and development department recommended Mobile "be vacated and moved farther west."

The averments in Edels' petition include, *inter alia:* (1) at a hearing December 8, 1994, by City's planning and zoning commission, a member of City's staff stated City had an agreement with the State of Missouri which required vacation of Mobile; (2) the commission nonetheless denied a motion to vacate Mobile; (3) about December 20, 1994, the "developer" commenced vacation of Mobile by proceeding with construction of the Independence/Glenstone intersection, thereby disrupting customer access to Edels' tract; (4) on January 9, 1995, the issue of vacating Mobile was presented to the city council by Bill 95–6; (5) on that occasion, a speaker said vacation was sought because of an October 20, 1980, contract between City and the Missouri Highway and Transportation Commission; (6) following the council session, Edels obtained a copy of the 1980 contract; (7) the contract requires relocation of the Independence/Mobile intersection to the west, but makes no mention of vacating Mobile; (8) at a second hearing January 23, 1995, the city council adopted Bill 95–6; (9) thereafter, access to Mobile was "cut off" and

the only access to Edels' tract is "via a private road ... and a gravel driveway located at the rear or west end of [Edels'] property."

City's answer to Edels' petition denies a City staffer told the planning and zoning commission that Mobile needed to be vacated. Instead, pleads the City, the staffer used the word "relocated." City's answer also avers, *inter alia,* that Edels have no standing to challenge Bill 95–6, that the controversy is moot in that Mobile has "been physically removed," that City has the absolute right under § 82.190, RSMo 1994, to vacate a street, and that Edels are barred by laches in that they did not seek "to stay the effectiveness" of Bill 95–6.

In an amended motion to intervene which incorporates the allegations of an earlier motion to intervene, Appellant pleads, *inter alia:* (1) one of the conditions imposed by City on Appellant in the development of Appellant's property was to apply for vacation of Mobile; (2) City made that requirement in furtherance of public health, safety and welfare, and "to prevent traffic congestion by eliminating [the] intersection [of Mobile] with Independence Street that would be too close to the intersection of Independence with Glenstone"; (3) if Edels succeed in their suit and the vacation of Mobile is "reversed," the unsafe Independence/Mobile intersection "will be reestablished, to the detriment of [Appellant's] development"; (4) the Independence/Glenstone intersection "is under the jurisdiction of the Missouri State Highway Department," which entered into a contract with City wherein City agreed to move the Mobile/Independence intersection; (5) permitting an intersection at Independence and Glenstone was conditioned upon moving the Mobile/Independence intersection; (6) if the vacation of Mobile is reversed, the "Missouri Highway Department" may claim City breached its agreement and order the Independence/Glenstone intersection closed, which would have "devastating effects" on Appellant and its tenant, Wal–Mart.

Consequently, pleads Appellant's motion, the "economic consequences" of a judgment

2. According to a diagram attached to Edels' petition, Glenstone is also "Business Highway 65."

for Edels will fall on Appellant, not City, hence Appellant and City "do not have an identity of interest, and [Appellant's] interest is not adequately represented by the City."

On January 26, 1996, the trial court denied Appellant's amended motion to intervene. This appeal followed.

The only clue to the trial court's reason for its ruling is a recital in its order that the court "determines no new issues presented."

*McDaniel v. Park Place Care Center, Inc.*, 861 S.W.2d 179, 180 (Mo.App.W.D. 1993), holds the standard of appellate review of an order denying an application to intervene under Rule 52.12(a) is the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that standard, the trial court's ruling will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

As noted earlier, the trial court heard no evidence, hence this appeal presents no issue about substantial evidence or weight of the evidence. Furthermore, the trial court made no declarations of law; consequently, the outcome of this appeal hinges on whether the trial court properly applied the law.

One has a right to intervene in an action if he satisfies three requirements. He must show: (1) an interest in the property or transaction that is the subject of the action; (2) disposition of the action may as a practical matter impair or impede his ability to protect his interest; (3) his interest is not adequately represented by the existing parties. *McDaniel*, 861 S.W.2d at 180; *State ex rel. Mercantile Bank of Springfield v. Pinnell*, 804 S.W.2d 63, 64[1] (Mo.App.S.D.1991). A motion to intervene may be denied if any requirement is not met. *Matter of Estate of Potashnick*, 841 S.W.2d 714, 719[10] (Mo. App.E.D.1992); *Mercantile Bank*, 804 S.W.2d at 65[2].

Appellant's sole point relied on asserts the trial court erred in denying Appellant leave to intervene in that the record demonstrates Appellant meets all three requirements for intervention. Edels maintain Appellant failed to show it meets any of the requirements.

For the reasons set forth below, we hold Appellant failed to satisfy requirement 3.

Bill 95–6 was adopted by City, not Appellant. If Bill 95–6 is flawed, the error is City's, not Appellant's. Edels make no claim that Appellant misled City during the legislative process or that Bill 95–6 resulted from collusion between Appellant and City against Edels.

In short, Edels plead nothing that could be contested more effectively by Appellant than by City. City is actively defending Bill 95–6 against Edels' attack. City's answer avers Edels cannot challenge Bill 95–6, but even if they could, the bill is valid.

Appellant's brief identifies no defense that City has overlooked, specifies no dereliction by City's lawyer, and points out no allegation in Edels' petition that Appellant, but not City, can refute.

The sole reason Appellant gives in support of its argument that its interest is not adequately protected by City is that Appellant and City "do not share an identity of interests in the litigation." Appellant theorizes that if Edels win, City will gain—and Appellant will lose—a "property interest" in Mobile Avenue.

Appellant's hypothesis, as we comprehend it, is that when Bill 95–6 vacated Mobile, the land previously occupied by Mobile became Appellant's (except perhaps the vacated area abutting Edels' tract). Consequently, reasons Appellant, if Bill 95–6 is nullified by the trial court, the land occupied by Mobile reverts to City. In Appellant's words, "City stands to gain the property which Appellant stands to lose."

Appellant's argument is unpersuasive. Assuming, arguendo, that Appellant is correct in believing it acquired ownership of the land occupied by Mobile when City adopted Bill 95–6, we fail to understand how City's interest is adverse to Appellant. If the trial court nullifies Bill 95–6, thereby restoring the situation that existed before the bill was adopted, Mobile is again a public street which City

must maintain. Appellant fails to explain how City will benefit by being reassigned that duty.

The only case Appellant cites in support of its notion that it and City have adverse interests is *Alsbach v. Bader*, 616 S.W.2d 147 (Mo.App.E.D.1981). The facts in that case are too different from those here to warrant discussion.

Edels do not contend the Independence/Glenstone intersection will be bulldozed if the trial court nullifies Bill 95–6. Edels' brief asserts that if the trial court sets aside the vacation of Mobile, the city council will have to address the issue anew, and "will be free to [vacate Mobile] provided it exercises reasonable discretion in accordance with due process requirements." Edels add: "If this case is remanded to the City Council, the adjoining property owners, including Appellant, will be able to voice their concerns about the vacation of Mobile Avenue." Appellant does not dispute Edels' analysis.

We therefore hold that whatever interest Appellant presently has in the determination of whether Bill 95–6 is valid is adequately represented by City. Had the trial court granted Appellant leave to intervene, there would be two parties in the trial court advocating the same position, i.e., Bill 95–6 is valid. One is sufficient.

Having held Appellant's interest is adequately represented by City, we need not consider the other two requirements for intervention.

The trial court's order denying Appellant's amended motion to intervene is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.