Robert A. **RING**, 6024 Washington Avenue, Inc., Champ Spring Co., Kickham Boiler and Engineering, Inc., Viking Lodge and Restaurant, Inc., Apartment Exchange, Inc., and Michael F. Kickham, Sr., Plaintiffs/Respondents,

v.

The **METROPOLITAN ST. LOUIS SEWER DISTRICT,** Defendant/Respondent,

and

Barnes–Jewish Hospital, Daimler–Chrysler Corporation, Emerson Electric Co., SSM Healthcare, Unity Health System, Mark D. Roberts, Steven Oberg, and Gretchen Williams, Appellants.

Nos. ED 77467, 77469.

Missouri Court of Appeals,
Eastern District.

Dec. 5, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 22, 2001.

Application to Transfer Denied
April 24, 2001.

Law Office of Robert C. Johnson, Robert C. Johnson, Blackwell, Sanders, Peper, Martin, Jeffrey J. Kalinowski, Eric D. Martin, Dennis M. Devereux, St. Louis, MO, for appellant.

Dowd & Dowd, Douglas P. Dowd, James M. Dowd, Bryan Cave, Diana M. Vuylsteke, Green, Hennings & Henry, Lewis C. Green, Bruce A. Morrison, Gray, Ritter & Graham, Maurice B. Graham, St. Louis, MO, for respondent.

AHRENS, Presiding Judge.

Barnes–Jewish Hospital, Unity Health System, SSM Healthcare System, Emerson Electric Company, and Daimler–Chrysler Corporation ("Barnes–Jewish class members") and Mark D. Roberts, Steven Oberg, and Gretchen Williams ("Roberts class members") appeal the judgment of the trial court, denying their motions to intervene and approving the class action settlement between Metropolitan Sewer District ("MSD") and Robert A. Ring, Champ Spring Co., Kickham Boiler and Engineering, Inc., Viking Lodge and Restaurant, Inc., Apartment Exchange, Inc., and Michael F. Kickham Sr. ("Ring plaintiffs"). We sustain the motions to dismiss the appeal of the class action settlement for lack of standing and affirm the denial of the motions to intervene.

In *Beatty v. Metropolitan St. Louis Sewer Dist.*, 867 S.W.2d 217, 221 (Mo. banc 1993) (*"Beatty II"*), the Supreme Court of Missouri ruled that a rate increase by MSD violated article X, section 22(a) of the Missouri Constitution because MSD did not obtain voter approval for the increase.[1] In violation of article X, section 22(a), MSD collected $39,700,000 in overcharges pursuant to the rate increase between July 1, 1992, and June 30, 1993.[2] Subsequent to ruling the rate increase unconstitutional, the Supreme Court in *Beatty v. Metropolitan St. Louis Sewer Dist.*, 914 S.W.2d 791, 795 (Mo. banc 1995) (*"Beatty III "*), held that only those persons who actually sued in *Beatty II* could recover the increase overcharges. In *Ring v. Metropolitan St. Louis Sewer Dist.*, 969 S.W.2d 716 (Mo. banc 1998), a class action was brought on behalf of those not a part of the initial suit against MSD to recover the overcharges. The trial court dismissed the class action on statutory and sovereign immunity grounds. *Id.* This court affirmed and transferred the case to the Supreme Court, which reversed the dismissal and remanded the case back to the trial court. *Id.* at 719.

---

1. Litigation surrounding MSD's attempt to increase wastewater charges began in 1987 when this court ruled in *Beatty v. Metropolitan St. Louis Sewer Dist.*, 731 S.W.2d 318 (Mo.App.1987) (en banc) (*"Beatty I "*) that the user fees imposed in conjunction with a bond issue without voter approval violated article X, section 22(a) of the Missouri Constitution.

2. MSD collected $39,700,000 in overcharges pursuant to the rate increase but has refunded approximately $1,400,000 of the overcharges. MSD still has $38,300,000 of collected overcharges.

After the case was remanded, MSD and the Ring plaintiffs agreed to settle the case. The settlement called for a $30,140,000 refund of which $4,521,000 would be paid for attorney's fees. The balance of $25,619,000 would be distributed among the Ring class members who could be located. Notice of the settlement was sent to the class. On November 1, 1999, the trial court held a hearing on the proposed settlement. Prior to the hearing, the Roberts class members and the Barnes Jewish class members filed objections to the proposed settlement. The Roberts class members filed a motion to intervene as a matter of right under Rule 52.12(a) with their objections to the proposed settlement. On November 22, 1997, after the fairness hearing, the Barnes–Jewish class members also filed a motion to intervene under Rule 52.12(a). On December 27, 1999, the trial court entered a judgment approving the settlement, overruling all objections, and denying the motions to intervene. The Barnes–Jewish class members and the Roberts class members appeal the denial of the motions to intervene and the approval of the proposed settlement.

■ In their first point on appeal, the Barnes–Jewish class members and the Roberts class members argue that the trial court erred in approving the proposed class action settlement because it was not fair, reasonable, and adequate. Both the Ring class members, plaintiff-respondent, and MSD, defendant-respondent, have moved to dismiss the appeal contending that the Barnes–Jewish class members and the Roberts class members do not have standing to appeal the approval of the settlement because their motions to intervene were denied; therefore, they were not parties to the action.

No Missouri case has directly considered whether an unnamed class member who was denied intervention has standing to appeal the approval of a class action settlement. Missouri Rule 52.08 is identical to Rule 23 of the Federal Rules of Civil Procedure; therefore, we look to federal precedent for guidance. *Ralph v. American Family Mut. Ins. Co.*, 809 S.W.2d 173, 174 (Mo.App.1991). The federal circuit courts have taken various approaches when confronted with unnamed individual class members who have not intervened but seek to appeal the settlement. In the Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits, unnamed class members do not have standing to appeal absent intervention. *See Felzen v. Andreas*, 134 F.3d 873 (7th Cir.1998); *Shults v. Champion Int'l Corp.*, 35 F.3d 1056 (6th Cir.1994); *Gottlieb v. Wiles*, 11 F.3d 1004 (10th Cir.1993); *Walker v. City of Mesquite*, 858 F.2d 1071 (5th Cir.1988); *Guthrie v. Evans*, 815 F.2d 626 (11th Cir.1987). In the Third and Ninth Circuits, unnamed class members have standing to appeal final orders. *See Carlough v. Amchem Products, Inc.*, 5 F.3d 707 (3d Cir.1993); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977).

The Eighth Circuit is persuasive here. No Eighth Circuit case has directly addressed whether an unnamed class member has standing to appeal the fairness of a settlement after a motion to intervene in the underlying case was denied. However, in *Croyden Assoc. v. Alleco Inc.*, 969 F.2d 675 (8th Cir.1992), cert. denied, 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993), an unnamed class member submitted written objections to the proposed class action settlement, appeared at the fairness hearing, and made oral objections at the fairness hearing, but failed to make a motion to intervene. *Croyden*, 969 F.2d at 677. Relying on *Guthrie v. Evans*, 815 F.2d 626 (11th Cir.1987) and *Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98

L.Ed.2d 629 (1988), the Eighth Circuit held that "unnamed class members who object to a settlement must move to intervene, and they will be denied standing to appeal when they have not done so." *Id.* at 679.

In *Guthrie,* the court held that unnamed class members do not have standing to appeal a final judgment binding on the class members, indicating three reasons. *Guthrie,* 815 F.2d at 628. First, unnamed class members have not followed the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure and therefore cannot represent the class. *Id.* Second, unnamed class members who disagree with the course of the class action have adequate procedures available to protect their interest. *Id.* "Third, class actions could become unmanageable and non-productive if each member could individually decide to appeal." *Id.*

In *Marino,* the Supreme Court held that because the petitioners were not parties to the underlying case and because the petitioners failed to intervene in the underlying lawsuit they could not appeal the settlement. *Marino,* 484 U.S. at 304, 108 S.Ct. at 587. The Court noted the well-settled rule that only parties to a lawsuit or those who properly become parties may appeal an adverse judgment. *Id.* The Court also noted that "the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." *Id.*

While the cited cases do not specifically address standing to appeal when an unnamed class member's motion to intervene is denied, we find the reasoning in *Marino* and *Guthrie,* adopted by the Eighth Circuit in *Croyden,* to be persuasive here. Requiring intervention as a condition for appeal insures that class actions will continue to serve their purpose in making the litigation manageable. In addition, when a motion to intervene is denied the party still may appeal the denial of the motion. *Marino,* 484 U.S. at 304, 108 S.Ct. at 588; *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978). We find that neither the Barnes–Jewish class members nor the Roberts class members have standing to appeal the adequacy of the settlement agreement because their motions to intervene were denied. The motions to dismiss are sustained.[3]

■ The Barnes–Jewish class members and the Roberts class members, however, do have standing to appeal the denial of their motion to intervene. The applicable standard of review is set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court denying a motion to intervene will be reversed if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Borgard v. Integrated Nat'l Life Ins. Co.,* 954 S.W.2d 532, 535 (Mo. App.1997). To intervene as a matter of right, the burden is on the movant to prove all the following requirements are met: (1) the applicant must have an interest in the subject matter; (2) a disposition of the action may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties. Rule 52.12(a)(2); *Borgard,* 954 S.W.2d at 535. The trial court may deny the motion to

---

3. In the motions to dismiss, respondents also argue that appellants' motions to intervene were untimely and inadequate. Since the motions to dismiss are sustained based on lack of standing to appeal the class action settlement, we do not reach these points. Our review of the settlement agreement and the attorney's fees is limited to the issue of adequacy of representation as it relates to the motions to intervene.

intervene if one of the requirements is not met. *Id.*

■ The Barnes–Jewish class members and the Roberts class members contend that the trial court erred in denying their motions to intervene because all three of the requirements of Rule 52.12(a)(2) were met. We need only address the third requirement. The Barnes–Jewish class members and the Roberts class members claim that the named class representatives did not adequately represent their interests as evidenced by the unfair settlement. We disagree.

In the order and judgment, the trial court stated:

> The named plaintiffs and class counsel have fairly and adequately protected the interests of the class. Class counsel has pursued this litigation through the Missouri Circuit and Appellate Courts since 1992, including since 1995 with these named plaintiffs in this action. There is no conflict between the named plaintiffs and the class, as all class members are receiving identical benefits from the settlement.

■ When two parties are advocating the same position and one is already a party to the underlying suit, leave to intervene is not required. *State ex rel. Edel v. City of Springfield,* 935 S.W.2d 339, 343 (Mo.App.1996). One party is adequate to represent both parties' interests. *Id.* Both the named Ring class members, and the Barnes–Jewish class members and the Roberts class members seek the same benefits, a fair monetary refund of the overcharges paid to MSD. While there is a difference of opinion as to the amount they should receive in the settlement, their interests are identical. In addition, the named class members are composed of an individual who paid the single-unit residential charges, a corporation who paid the multi-unit residential charges, and three corporations who paid the non-residential charges. The named class members represented all types of class members subjected to MSD's overcharges. The unnamed class members have no interests that were not represented in their absence.

■ The Barnes–Jewish class members and the Roberts class members also argue that the named class members did not adequately represent their interest because the settlement is not fair and reasonable. Our review of this argument is limited to a determination of whether substantial evidence supports that the named class members adequately represented their interest in arriving at the settlement. The adequacy of class representation can be determined by looking at the settlement. *White v. National Football League,* 41 F.3d 402, 408 (8th Cir.1994). When determining if a settlement is fair, reasonable, and adequate the court must consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members. *State ex rel. Byrd v. Chadwick,* 956 S.W.2d 369, 378 n. 6 (Mo.App.1997); *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150, 1152 (8th Cir.1999).

■ The most important consideration in determining if a settlement is fair, reasonable, and adequate is the strength of the plaintiff's case on the merits balanced against the offered settlement. *Petrovic,* 200 F.3d at 1150. The Barnes Jewish class members and the Roberts class members claim that they have a strong case for 100% recovery of the overcharge plus interest and attorney's fees because the Mis-

souri Supreme Court ruled the rate increase unconstitutional. Contrary to their claim of 100% recovery, MSD pleaded several theories for defenses to the class action suit in their answer to the second amended petition including violation of the statute of limitations, laches, and that interest is barred by sovereign immunity. Testimony concerning MSD's defenses was offered at the fairness hearing. MSD also disputed the claims for post-judgment interest and attorney's fees. Additionally, the Missouri Supreme Court acknowledged in *Ring* that a remedy in this case should recognize "both the taxpayers' rights under article X, section 22(a), and the important obligations MSD bears under the environmental laws of the nation and the state." *Ring*, 969 S.W.2d at 719.

Moreover, approximately 145,000 class members have been lost and an additional 21,000 are lost each year. At the time of the hearing, evidence existed that of the class members who have presently been located, the settlement fund of $30,140,000 would provide the class members with approximately 90% of the overcharges after payment of attorney's fees. We find substantial evidence supports the trial court's determination that the settlement was fair under this factor.

The trial court also found evidence to support the remaining factors considered in determining if the settlement was fair, reasonable, and adequate. First, the Roberts class members allege collusion in reaching the settlement evidenced by the settlement calling for less than 100% recovery of the rate increases, including provisions for attorney's fees, and using a mediator in the settlement process that represents MSD in other matters. The trial court found no suggestion of fraud or collusion. Substantial evidence supports that finding. We have examined the record and find no evidence to indicate the

settlement negotiations were anything other than an arms length negotiation by competent attorneys on both sides.

Additionally, the record supports a finding that the trial court properly evaluated the stage of the proceedings and the amount of discovery completed, as well as the complexity, expense, and likely duration of the case. During the previous litigation surrounding this controversy, class counsel had engaged in a substantial amount of discovery and was familiar with the issues and complexity of this case. The Roberts class members contend the trial court did not properly evaluate the complexity, length, and expense of further litigation. They claim the record fails to support the conclusions of the trial court that this litigation could continue for several more years. Litigation surrounding MSD's overcharges has already lasted over seven years, including three appeals to this court and three to the Missouri Supreme Court. Counsel for MSD continues to raise defenses to the claim for damages. The trial court was entitled to take into account the delays and risks of protracted litigation and the benefits of certainty of settlement compared to the uncertainty of litigation.

The final factor, the opinions of class counsel, class representatives, and absent class members, also is supported by substantial evidence. Class counsel and class members testified in support of the proposed settlement. Class counsel, who has experience in Hancock Amendment litigation, testified that he did not feel the plaintiff's case was a "slam dunk," pointing out that the interest issue was risky. Class counsel also testified the sovereign immunity defense was still unsettled in the courts. Only one witness testified in opposition to the settlement. His testimony did not address the factors for determining if the settlement was fair, reasonable, and

**494**

adequate. Only eleven class members in total objected to the settlement agreement and only *five corporations and three individuals* then appealed the approval of the settlement agreement.

We find substantial evidence supports the trial court's determination that the class representatives and class counsel adequately represented the proposed intervenors' interest in arriving at the settlement.

The appeals of the class action settlement are dismissed for lack of standing and the judgment denying the motion to intervene is affirmed.

CRANDALL and CRIST, JJ., concur.