**Christel L. WEISSENBACH,**
**Respondent,**

v.

**Matthew L. DEEKEN, Appellant.**

**No. ED 92015.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 2009.

P. Dennis Barks, Hermann, MO, for Respondent.

Carla G. Holste, Jefferson City, MO, for Appellant.

***OPINION***

GLENN A. NORTON, Judge.

Matthew L. Deeken ("Father") appeals the judgment ordering him to pay $1,000.00 of Christel L. Weissenbach's ("Mother") attorney's fees in connection with her motion to modify a previous modification of a judgment of paternity.[1] We affirm.

**I. BACKGROUND**

In November 1999, the trial court entered a judgment of paternity and awarded Father and Mother joint legal and physical custody of their daughter. In September 2004, the trial court approved a joint partial stipulation and settlement agreement

---

1. Father also appealed the portion of the judgment modifying his child support obligations. Following oral argument, Father voluntarily dismissed those points, leaving only the issue of attorney's fees on appeal.

and entered a judgment modifying the November 1999 paternity judgment. The 2004 judgment ordered Father to pay Mother $250.00 a month in child support.

In April 2006, Mother filed a motion to modify the September 2004 judgment. In her motion, Mother requested that the court increase Father's child support obligations and award her attorney's fees. The trial court held an initial hearing on Mother's motion to modify in December 2007, and a final hearing in July 2008. Between those hearings, Mother's marriage was dissolved to her husband. In September 2008, the court entered a judgment increasing Father's monthly child support payments to $531.35, retroactive to February 1, 2008. The court also ordered Father to pay $1,000.00 of Mother's attorney's fees. Father appeals.

## II. DISCUSSION

### A. Standard of Review

The trial court is considered to be an expert at awarding attorney's fees, and may do so at its discretion. *Travis v. Travis*, 63 S.W.3d 296, 300 (Mo.App. E.D. 2001). An award of attorney's fees is reviewed for an abuse of discretion. *Russell v. Russell*, 210 S.W.3d 191, 199 (Mo. banc 2007). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* (internal citations omitted).

### B. The Trial Court did not Abuse its Discretion in Ordering Father to Pay $1,000.00 of Mother's Attorney's Fees

In his sole point of on appeal, Father argues that the trial court abused its discretion in ordering Father to pay $1,000.00 of Mother's attorney's fees. We disagree.

Section 452.355.1 RSMo 2000 [2] provides: Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees....

Mother's motion to modify the paternity judgment is a proceeding under section 452.370 [3] and is thus subject to an award of attorney's fees.[4] *See KRP ex rel. Brown v. Penyweit*, 219 S.W.3d 829, 839 (Mo.App. W.D.2007) (explaining that an action to modify a paternity judgment is subject to an award of attorney's fees under either section 452.355.1 of the Dissolution of Marriage Act or section 210.842 of the Uniform Parentage Act).

Father fails to acknowledge that between the first hearing on Mother's motion to modify in December 2007, and the final hearing in July 2008, Mother's marriage was dissolved. Because Mother's divorce caused her to lose the financial support of

---

2. All statutory references are to RSMo 2000.

3. Section 452.370.1 states in relevant part that "the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

4. Because the initial November 1999 paternity judgment fell under the Uniform Parentage Act, sections 210.817 et seq., Mother's motion to modify also fell within section 210.845.1, which states in pertinent part that "[t]he provisions of any decree respecting support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

her husband, the trial court likely based its determination on Father's greater ability to pay. In *Russell,* the trial court ordered the father to pay $1,000.00 of the mother's attorney's fees because he had a greater ability to pay. *Russell,* 210 S.W.3d at 195. The trial court calculated the father's monthly income as $5,552.00 and the mother's monthly income as $2,773.00. *Id.* at 199. The Supreme Court found that the trial court did not abuse its discretion in awarding the mother attorney's fees because "one party's greater ability to pay is sufficient to support an award of attorney's fees." *Id.* In this case, Father had a monthly income of $3,384.83 while Mother had a monthly income of only $1,950.00. Like the father in *Russell,* Father has a greater ability to pay attorney's fees due to his significantly higher income.

Father does not succeed in showing that the trial court abused its discretion in ordering him to pay $1,000 of Mother's attorney's fees. The trial court is presumed correct where the complaining party fails to show an abuse of discretion. *Clark v. Clark,* 101 S.W.3d 323, 330–31 (Mo.App. E.D.2003). Father's point is denied.

### III. CONCLUSION

The judgment is affirmed.

KURT S. ODENWALD, P.J., and PATRICIA L. COHEN, J., concur.