Eleanor BACHMAN, et al., individually and on behalf of all others similarly situated, Plaintiffs/Respondents,

v.

A.G. EDWARDS, INC. and A.G. Edwards & Sons, Inc., Defendants/Respondents,

Ronald Gaynor, personal representative for the Estate of Jessie N. Rigby, Diana Lee Williams Ira Account, and Estate of Diana Lee Williams, Objector–Appellant,

Robert and Barbara Kirstein, Objectors–Appellants.

No. ED 95074.

Missouri Court of Appeals, Eastern District, Division Five.

May 31, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 2011.

Application for Transfer Denied Aug. 30, 2011.

Geoffrey G. Gerber, Peter Withington Salsich, III, St. Louis, MO, The Brickhouse Law Group Co–Counsel, Theodore H. Frank, Co–Counsel, Washington, DC, for Ronald Gaynor and Diana Lee Williams, IRA.

David Richard Bohm, Jennifer Lynn Geschke, Co–Counsel, Danna McKitrick, PC, St. Louis, MO, for Robert and Barbara Kirstein.

Jeffrey Joseph Kalinowski, Bryan Cave, LLP, Adam Steven Hochschild, Co–Counsel, Husch & Blackwell, LPM, St. Louis, MO, for A.G. Edwards, Inc., A.G. Edwards & Sons, Inc.

Robert D. Blitz, Blitz, Bardgett & Deutsch, LC, Christopher Owen Bauman, Co–Counsel, St. Louis, MO, for Karol B. McClintock and Karol McClintock, IRA.

David N. Damick, Law Offices of David Damick, St. Louis, MO, for Plaintiff.

Before ROBERT G. DOWD, JR., P.J., MARY K. HOFF, J. and PATRICIA L. COHEN, J.

## OPINION

PER CURIAM.

Ronald Gaynor, on behalf of the Estate of Jessie N. Rigby, Diana Lee Williams IRA Account, and Estate of Diana Lee Williams (Gaynor), and Robert and Barbara Kirstein (Kirsteins) appeal from the Final Judgment and Order of Dismissal (Judgment) approving the class action settlement in this case, overruling the Kirsteins' motion to intervene, and awarding attorneys' fees to class counsel. We deny the motion to dismiss Gaynor's appeal, affirm the trial court's judgment denying the Kirstein's motion to intervene, and affirm the approval of the class action settlement.

### Factual and Procedural Background

On April 12, 2005, Eleanor Bachman, et al., individually and on behalf of the approximately 1.6 million class members similarly situated (collectively Plaintiffs) filed their petition for breach of fiduciary duty and unjust enrichment against A.G. Edwards & Sons, Inc., a broker-dealer, and A.G. Edwards & Sons, Inc.'s parent company, A.G. Edwards, Inc. (collectively A.G. Edwards). Wells Fargo Advisors, LLC is the successor-in-interest to A.G. Edwards & Sons, Inc. Plaintiffs sought to recover, as disgorgement, certain payments made by affiliates of mutual-fund companies to A.G. Edwards.

Plaintiffs alleged that as "fiduciaries, agents and trustees, brokers are required to disclose any conflict of interest to their clients." They further alleged that, "[a]t no time did [A.G. Edwards]or the preferred fund companies adequately disclose the existence and/or nature of the pay to stay kickbacks or of the conflicts of interest arising therefrom." They contended that, "[t]he undisclosed kickbacks paid to Defendants created unmanageable and continuing conflicts of interest and breaches of fiduciary duties....These secret kickbacks provided undisclosed and improper compensation to the Defendants, while the preferred funds received increased visibility in the Defendants' extensive mutual fund distribution network." Finally, Plaintiffs alleged, that "[b]y failing to inform Plaintiffs and the Class about the mutual fund fees they received from various mutual fund companies, Defendants willfully and maliciously breached their fiduciary duties to Plaintiffs and the Class, damaging them thereby."

On May 13, 2005, A.G. Edwards removed this case to federal court pursuant to the Securities Litigation Uniform Standards Act of 1998 (SLUSA). SLUSA permits the removal of and mandates the dismissal of certain state-law class actions alleging a "misrepresentation or omission of a material fact" in connection with a covered security. 15 U.S.C. § 77p(b); 15 U.S.C. § 78bb(f)(1).

On September 26, 2005, the federal district court remanded to state court and denied the motion to dismiss. On March 21, 2006, the United States Supreme Court issued its decision in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006). *Dabit* requires courts to apply SLUSA "broadly." *Dabit,* 547 U.S. at 85–86, 126 S.Ct. 1503.

On April 19, 2006, A.G. Edwards removed the case again. The federal district court acknowledged that "the outcome of the original removal was likely incorrect in light of the Supreme Court's decision in *Dabit* ...." Nevertheless, the district court remanded again for procedural reasons apart from the application of SLUSA.

On December 22, 2006, A.G. Edwards moved to dismiss the case in state court pursuant to SLUSA. On July 27, 2007, the trial court denied the motion. A.G. Edwards filed a petition for writ of prohibition with this Court. This Court denied the petition for writ without further comment. A.G. Edwards then filed a petition for writ of prohibition with the Missouri Supreme Court. The Missouri Supreme Court likewise denied the petition without further comment.

On July 10, 2008, the trial court certified the class. A.G. Edwards filed a petition for permission to appeal the certification order. This court denied that petition without comment. A.G. Edwards then filed a petition for writ of prohibition with the Missouri Supreme Court. The Missouri Supreme Court denied that petition without comment.

On January 9, 2009, A.G. Edwards again removed the case to federal court and moved to dismiss pursuant to SLUSA. In response, Plaintiffs moved to remand. Following a hearing, the federal court remanded to state court, but did not comment on the application of SLUSA to this case.

On August 28, 2009, in the state trial court, A.G. Edwards moved for summary judgment on the basis of preclusion under SLUSA and in light of *Dabit* and its progeny. In addition to its August 2008 motion for summary judgment based on SLUSA, on September 9, 2009, September 25, 2009, and October 7, 2009, A.G. Edwards filed separate motions for summary judgment on other grounds including: (1) revenue sharing is appropriate if disclosed as it was here, (2) Plaintiffs did not allege claims relating to "directed brokerage," and (3) A.G. Edwards was not a "trustee" or holder of "title." On November 5, 2009, A.G. Edwards moved to decertify the class because (1) Missouri has no connection with or interest in A.G. Edwards' relationship with its non-Missouri customers, so the choice of Missouri law in the certification order is arbitrary and capricious, and (2) in violation of A.G. Edwards' due process rights, A.G. Edwards never had notice that Missouri law would apply to such relationships. The trial court denied all of these motions.

From February 2009 through December 2009, the parties entered into mediation with a United States Federal District Court Judge. After extensive negotiations, A.G. Edwards and Plaintiffs agreed to the terms of this settlement.[1] Trial had been set for January 4, 2010. In connection with the settlement, A.G. Edwards agreed to pay $26,000,000 in cash and to issue $34,000,000 in vouchers. In particular, under the terms of the settlement: the subclass of former accounts, approximately 293,820, is entitled to $6,000,000 in cash ($20.42 for each former account); the subclass of current accounts, approximately 1,379,105, is entitled to $34,000,000 in

---

1. On February 18, 2010, A.G. Edwards entered into a Stipulation of Settlement of Class Action and concluded that the case should be fully and finally resolved: "(1) to limit further expense, inconvenience, and distraction; (2) to dispose of the burden of protracted litigation; and (3) to permit the operation of [A.G. Edwards'] business without further distraction and diversion of [A.G. Edwards'] executive personnel with respect to the matters at issue." A.G. Edwards also took into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this.

vouchers to offset against certain fees (three vouchers with a total face value of $24.65 for each current account); class counsel will receive up to $21,000,000 cash in attorneys' fees and $600,000 cash in expenses; the two class representatives will receive $10,000 cash each; and any unclaimed portion of the cash component will be distributed in the following order of priority: first, reimburse A.G. Edwards for the costs of administering the settlement, up to $1,000,000; second, satisfy any unsatisfied portion of class counsel's fee and expense award; and, third, revert to a charitable affiliate of A.G. Edwards, the Wells Fargo Housing Foundation (WFHF).

■ On April 29, 2010, the Kirsteins, class members who were former account owners of A.G. Edwards, moved to intervene. Following a hearing, the trial court denied the Kirsteins' motion to intervene. Gaynor objected to the settlement but did not move to intervene. On May 21, 2010, the trial court approved the settlement. The trial court found that the settlement is "fair, reasonable, and adequate." This appeal follows.[2],[3]

## Standard of Review

■ In reviewing the class-action settlement to determine whether it is fair, reasonable, and adequate under Rule 52.08, we apply an abuse of discretion standard. *Ring v. Metro. St. Louis Sewer Dist.*, 41 S.W.3d 487, 492 (Mo.App. E.D.2000); *State ex rel. Byrd v. Chadwick*, 956 S.W.2d 369, 376 (Mo.App. W.D.1997). Approval of the settlement of a class action is reviewed under the standard set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Byrd*, 956 S.W.2d at 376 n. 3.

## Discussion

The Kirsteins' and Gaynor's claims are essentially the same, and, as a result, we address them together. On appeal, the Kirsteins and Gaynor contend: (1) that the trial court erred in approving the settlement because it was not fair and/or reasonable and did not adequately compensate the class by utilizing the vouchers as cash equivalents;[4] (2) that the fee award

2. The motion to strike the supplemental legal file taken with the case is denied.

3. The motion taken with the case to dismiss the appeal of Gaynor is denied. Gaynor relies on the United States Supreme Court's decision in *Devlin v. Scardelletti*, 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) to argue that he was entitled to appeal. In *Devlin*, the Court held that, "nonnamed class members ... who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." *Devlin*, 536 U.S. at 10, 122 S.Ct. 2005. Contrary to Respondents' assertions, *Devlin* does not apply only to Rule 52.08(b)(2) class actions where class members do not have the opportunity to opt out. It also applies to class action objectors, like Gaynor, appealing from Rule 52.08(b)(3). *See National Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 39–40 (1st Cir.2009); *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 299 (3d Cir.2005); *Fidel v. Farley* 534 F.3d 508, 512–13 (6th Cir.2008); *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 572–73 (9th Cir.2004); *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1257 (10th Cir.2004). Here, there is no dispute that Gaynor timely objected and, therefore has the right to appeal the approval of the class settlement under federal and Missouri law.

4. Specifically, Gaynor objected that the vouchers or coupons should not have been valued at face value for the purpose of calculating attorneys' fees. In addition, Gaynor requested that the trial court grant discovery or order Plaintiffs to disclose the actual redemption rate in a similarly-structured settlement that Plaintiffs' counsel negotiated with Edward D. Jones in 2007. The trial court denied this request and we find no abuse of discretion.

to Plaintiffs' counsel was excessive in light of the amount recovered; (3) that the trial court erred in denying the Kirstein's motion to intervene, and; (4) that the *cy pres* provisions of the settlement are facially improper and violate Missouri law. We disagree with respect to all four points.

■ "When determining if a settlement is fair, reasonable, and adequate, the court must consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Ring*, 41 S.W.3d at 492. Among these, "[t]he most important consideration in determining if a settlement is fair, reasonable, and adequate is the strength of the plaintiff's case on the merits balanced against the offered settlement." *Id.*

■ Here, considering all the factors mentioned above, the trial court's determination that the settlement was fair, reasonable, and adequate was not an abuse of discretion. First, there is no evidence of any fraud or collusion behind the settlement and neither Gaynor nor the Kirsteins allege there was fraud or collusion. Second, the litigation leading up to settlement lasted nearly five years, was procedurally and substantively complex, and was expensive with the likelihood of potential addi-

tional years, complexity, and expense on appeal. Third, the settlement was reached weeks before trial and after extensive discovery had been completed. Fourth, the bottom range of possible recovery was no recovery, considering the weakness of Plaintiffs' claims. Fifth, the opinions of class counsel and class representatives unanimously favored the settlement without objection. Accordingly, given our standard of review, all applicable considerations weigh in favor of no abuse of discretion by the trial court in its finding of fairness, reasonableness, and adequacy.

■ Perhaps most important to these considerations was the weakness of Plaintiffs' case on the merits in light of preemption based on SLUSA. Specifically, SLUSA bars the ability to make a submissible case on claims of breach of fiduciary duty and unjust enrichment in the absence of establishing a misrepresentation or omission, and the legal effect of prospectus disclosure of revenue sharing on Plaintiffs' claims. SLUSA mandates the dismissal of certain state-law class actions alleging a "misrepresentation or omission of a material fact" in connection with a covered security. 15 U.S.C. § 77p(b); 15 U.S.C. § 78bb(f)(1).[5] Given the potential strength of A.G. Edwards' position had the case gone to trial as well as the risk that the class could have received no award in light of SLUSA, the recovery is fair, reasonable, and adequate.[6] Moreover, the Kirsteins and Gaynor have failed to show that the recovery in the form of cash and vouchers was unreasonable or an abuse of discre-

---

**5.** A.G. Edwards points out that courts have considered claims and arguments similar to those of Plaintiffs in at least 25 cases decided post-*Dabit*, and the court dismissed plaintiffs' claims in each of these cases. Additionally, in those cases, the plaintiffs received nothing.

**6.** To the extent that the Kirsteins suggest the trial court failed to make more specific findings based on the *Ring* considerations, the

reality is that the trial judge oversaw this case for five years, received briefing on numerous motions, presided at numerous hearings, and ruled on all motions. The trial judge was familiar with the history of the litigation and the respective positions of the parties. As such, the trial judge was uniquely positioned to rule on the propriety of the settlement.

tion. *See Nordstrom Com'n Cases,* 186 Cal.App.4th 576, 591, 112 Cal.Rptr.3d 27 (2010) (finding that settlements involving either coupons or vouchers are routinely approved as fair, adequate, and reasonable).

■ The Kirsteins next challenge the settlement's *cy pres* distribution, arguing that the WFHF is not a valid, worthy charity. In Missouri, a *cy pres* distribution is one of four permissible options for allocating unclaimed proceeds from a class action. *See Kansas Ass'n of Private Investigators v. Mulvihill,* 159 S.W.3d 857, 860 (Mo.App. W.D.2005). In their brief, the Kirsteins contend that the trial court abused its discretion because the prospective distribution of any unclaimed funds to WFHF somehow constitutes an improper reversion to A.G. Edwards. This claim is factually unsupported. WFHF is a registered non-profit charitable organization legally separate from A.G. Edwards' successor. Furthermore, the Kirsteins' suggestion that the amount designated for the WFHF should be distributed to the class is not practicable as the unused portion is currently speculative. The Kirsteins' argument that the trial court abused its discretion in failing to consider the geographic location of the over 1.6 million class members when contemplating a *cy pres* distribution is without merit. WFHF is an established, non-profit charity with a national mission of assisting low income families acquire homeownership through the development of affordable housing. When litigation involves a nationwide class, a charity with a national scope, such as WFHF, is appropriate for *cy pres* designation. *See Houck v. Folding Carton Admin. Comm.,* 881 F.2d 494, 502–503 (7th Cir.1989).

■ Next, Gaynor and the Kirsteins attack the fee award to Plaintiffs' counsel. Specifically, they argue that the trial court awarded excessive fees in light of the amount recovered. We give great deference to attorney fee awards because, "[t]he trial court is considered an expert at awarding attorney's fees, and may do so at its discretion." *Weissenbach v. Deeken,* 291 S.W.3d 361, 362 (Mo.App. E.D.2009). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Russell v. Russell,* 210 S.W.3d 191, 199 (Mo. banc 2007).

■ Among the factors considered by the trial court were the following: (1) the benefit conferred on the Class, (2) the complexity of the issues, (3) the duration of the case, (4) the risks to which Plaintiffs' Counsel were exposed, (5) the experience, reputation, and skill of the attorneys involved, (6) awards in similar cases, (7) time and labor required, (8) lodestar cross-check, and (9) reaction of Class Members. *Byrd,* 956 S.W.2d at 388; *In re Alcolac, Inc., Litigation,* 945 S.W.2d 459, 461 (Mo. App. W.D.1997). Given all these factors, and a review of the voluminous record, we cannot say the fee awarded was arbitrary, unreasonable, or an abuse of discretion. In addition, in cases involving complex litigation or in the class action context, a one-third contingent fee award is not unreasonable. *See In re Rite Aid Corp. Secs. Litig.,* 146 F.Supp.2d 706, 735 (E.D.Pa. 2001) (noting that in a study of 289 settlements ranging from under $1 million to $50 million, the average attorney's fees percentage is 31.71%, and the median is one-third); *In re U.S. Bancorp Litig.,* 291 F.3d 1035, 1038 (8th Cir.2002) (no abuse of discretion in awarding 36% of $3.5 million recovery to class counsel).

■ Finally, the Kirsteins assert that the trial court erred in denying their

motion to intervene in the instant action. The judgment of the trial court denying a motion to intervene will be reversed if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Ring*, 41 S.W.3d at 491. To intervene as a matter of right, the burden is on the movant to prove all the following requirements are met: (1) the applicant must have an interest in the subject matter; (2) a disposition of the action may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties. *Id.*; Rule 52.12(a)(2). The trial court may deny the motion to intervene if one of the requirements is not met. *Ring*, 41 S.W.3d at 491–92. Here, the Kirsteins argue that their interests were not adequately represented as evidenced by the unfair settlement. We disagree.[7] The named class members represented all types of class members who were former account holders at A.G. Edwards, and the Kirsteins admit they were members of the certified class. The Kirsteins have similar interests as those class members and had the ability to opt out of the class. We find substantial evidence supports the trial court's determination that the class representatives and other counsel adequately represented the proposed intervenor's interest in arriving at the settlement.

Based on our review of the record, we find no abuse of discretion in the trial court's determination that the settlement agreement is fair, reasonable, and adequate.

### Conclusion

We deny the motion to dismiss Gaynor's appeal. We affirm the trial court's denial of the Kirstein's motion to intervene and affirm the Judgment approving the settlement.

---

7. *See Ring,* 41 S.W.3d at 492 (rejecting as grounds for lack of adequate representation the fact that the objectors challenged the fairness and reasonableness of the underlying settlement).