In re ALCOLAC, INC., Litigation:

Koelling & Crawford, P.C.; Levin, Fishbein, Sedran & Berman; Allen, Lippes & Shonn; Robert B. Reeser, Jr.; and Kenneth Dake, Appellants,

Sedalia School District Number 200 and Smithton R–VI School District, Intervenors.

Nos. WD 50350, WD 50620.

Missouri Court of Appeals,
Western District.

Aug. 15, 1995.

Before SPINDEN, P.J., and
BRECKENRIDGE and SMART, JJ.

SPINDEN, *Presiding Judge.*

After allegedly toxic fumes escaped from the Alcolac chemical plant in Sedalia, numerous residents filed individual and class action lawsuits in state and federal courts against Alcolac.[1] The litigants entered into a class action settlement agreement on April 14, 1992, for $13.2 million to settle all claims against it.[2] The appellants in this case were attorneys for the various individual litigants. The circuit court approved consolidation of the suits into a class, and the appellants became class counsel.

This lawsuit involves the appellants' request for attorney fees. The circuit court granted a partial award of fees but later denied the appellants' request for more fees. The appellants appeal the denial of the additional fees.

Proceeds from Alcolac's payment were placed into two funds: the subclass settlement fund and the community benefit fund. The subclass settlement fund was allocated $9.2 million, less fees and expenses, to pay claims of persons living or working in a defined geographic area. Any class member submitting a proof of claim form was entitled to share in the subclass settlement fund. The community benefit fund was allocated $4 million, less fees and expenses, to benefit those persons living and working in an area beyond the subclass area. These persons could not submit individual claims for damages, but they shared in the overall benefit created by the community benefit fund. As part of the settlement, a $4 million trust (less $125,000 allocated to the Center for Human Services) was set up for the benefit of two school districts which were within the geographic scope of the community benefit fund:

Robert Reeser, Jr., Sedalia, Thomas Bellmann, Kansas City, Thomas Koelling, Kansas City, Kenneth Morris Dake, Sedalia, for appellants.

Mark Kempton, Sedalia, for intervenors and respondents.

1. The defendants were Alcolac, Inc., Rhône–Poulenc Inc., Rhône–Poulenc S.A., Rhône–Poulenc Surfactants & Specialties, L.P., Interchem, Inc., RTZ Chemical Ltd., RTZ Corporation PLC, Richard Faulkner, Jean–Rene Fourtou, Peter J. Neff, Dr. David Swallow, Charles N. Anderson, Jr. and Warren A. Fisher. For the readers' ease, we refer to all of these defendants as Alcolac.

2. Although Alcolac denied any wrongdoing, it agreed to the settlement to avoid further expense, inconvenience and protracted litigation.

the Sedalia School District No. 200 and the Smithton R–6 School District.

On October 1, 1992, the appellants petitioned the court for fees and expenses in representing the class. They asked for $4.4 million (one-third of the total settlement) and $273,670.40 in expenses. No one objected. On December 22, 1992, the circuit court found that the appellants were entitled to fair and reasonable fees for services rendered and entered a partial award of nearly $2.6 million in fees and $156,689.99 in costs. The court's order acknowledged the appellants' request that the court consider that "counsels' work is not finished for the clients with whom they have fee arrangements." The court's order said that "an award of fees in this cause will require consideration of the nature and extent of the services of Class Counsel provided to Class Members after the date of this Order."

On June 7, 1994, the appellants submitted a supplemental motion requesting fees and expenses. On October 17, 1994, the circuit court, without a hearing or explanation, denied the motion. The circuit court was asked to reconsider, but it did not until Koelling and Crawford, P.C., appealed to this court on November 28, 1994. The circuit court then agreed to reconsider the matter if Koelling and Crawford would withdraw its appeal. Koelling and Crawford did not dismiss its appeal, and, on January 20, 1995, the other appellants appealed. We consolidated the appeals, and the school districts asked to intervene in the appeal. Over the appellants' objection, we granted the school districts leave to intervene.

■ The appellants contend that the circuit court abused its discretion by denying their motion for additional fees and expenses without explanation. They argue that this was arbitrary and capricious in that the circuit court did not give careful consideration of the nature and extent of the appellants' services. They also assert that, by denying their motion, the circuit court misapplied the law by permitting the distribution of claimant awards in a common fund case without first determining the fair and reasonable attorneys' fees due counsel.

■ In denying the appellants' motion, the circuit court tersely said, "Now on this 17th day of October, 1994, the Court denies Class Counsel's Supplemental Request for Attorneys' Fees and Expenses." Attorney fees is a matter within the circuit court's sound discretion. The circuit court is an expert on the question of attorney fees. Because the circuit court knows all of a case's issues, it may set a fee award without the aid of evidence. *Roberts v. McNary*, 636 S.W.2d 332, 338 (Mo. banc 1982);[3] *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980).

The circuit court's discretion, of course, is not without limits. It must not act arbitrarily or with indifference. It may refuse to award attorney fees so long as it gives the matter proper judicial consideration. *Roberts, id.* at 338; *Nelson, id.* at 21.

Given the apparent inconsistency of the circuit court's denial of additional fees—first saying that it was granting a partial award and acknowledging that the attorneys' work continued, but then denying further fees for the additional work without explanation—we cannot escape the conclusion that the circuit court either abused its discretion or acted with indifference. Certainly, we are unable to conduct a meaningful review. Hence, we reverse the circuit court's denial of attorney fees.

Appellants ask us to correct the circuit court's error by determining that one-third of the gross settlement fund was a fair and reasonable fee. We decline. The circuit court is in a better position to determine the amount of attorney fees to be awarded for the additional work. We, therefore, remand for further proceedings. If the circuit court maintains its conclusion that no fees should

---

**3.** This case was overruled in part on other grounds in *Keller v. Marion County Ambulance Dist.*, 820 S.W.2d 301 (Mo.1991).

be awarded, it shall explain its reasons for denying the request.[4]

All concur.

---

4. Because we reach this conclusion, we need not address the appellants' remaining contention that the circuit court misapplied the law or the school districts' motion to strike appellants' reply brief which challenges the school districts' standing in this appeal and the timeliness of the assertion of their rights.