In re ALCOLAC, INC., LITIGATION: Koelling & Crawford, P.C., Thomas R. Bellman, P.C., Levin, Fishbein, Sedran & Berman, Allen, Lippes & Shonn, Co–Class Counsel, Appellants,

and

**Sedalia School District No. 200 and Smithton R–VII School District, Intervenors.**

No. WD 52810.

Missouri Court of Appeals, Western District.

March 11, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application to Transfer Denied June 17, 1997.

Thomas R. Bellman, Thomas Koelling, Kansas City, for appellants.

J. Christopher Spangler, Mark Thomas Kempton, Sedalia, for intervenors.

SPINDEN, Judge.

This is the second time this case comes before us on an appeal from the circuit court's judgment of attorney fees. The appellants are the attorneys who served as counsel in a class action suit. In the first appeal, *In re Alcolac, Inc.*, 903 S.W.2d 680 (Mo.App.1995), the circuit court had granted a partial award of $2,583,662 in attorney fees but later denied the appellants' request for more fees. We remanded the case because we concluded that the circuit court either abused its discretion or acted with indifference in denying the request for additional attorney fees. After remand, the circuit court awarded $129,183.10 in additional attorney fees, and the appellants appeal. They assert that the circuit court abused its discretion because the additional award was unsubstantiated and inconsistent with the uncontroverted facts and the applicable law regarding attorney fees in class action lawsuits. We affirm.

The class action suit occurred after allegedly toxic fumes escaped from the Alcolac chemical plant in Sedalia. We set out the facts in our previous opinion.

On October 1, 1992, the appellants petitioned the court for fees and expenses in representing the class. They asked for $4.4 million (one-third of the total settlement) and $273,670.40 in expenses. No one objected. On December 22, 1992, the circuit court found that the appellants were entitled to fair and reasonable fees for services rendered and entered a partial award of nearly $2.6 million in fees and $156,689.99 in costs. The court's order acknowledged the appellants' request that the court consider that "counsels' work is not finished for the clients with whom they have fee arrangements." The court's order said that "an award of fees in this cause will require consideration of the nature and extent of the services of Class Counsel provided to Class Members after the date of this Order."

On June 7, 1994, the appellants submitted a supplemental motion requesting fees and expenses. On October 17, 1994, the circuit court, without a hearing or explanation, denied the motion. The appellants appealed the circuit court's denial of additional attorney fees. This court concluded:

Given the apparent inconsistency of the circuit court's denial of additional fees— first saying that it was granting a partial award and acknowledging that the attorneys' work continued, but then denying further fees for the additional work without explanation—we cannot escape the conclusion that the circuit court either abused its discretion or acted with indifference. Certainly, we are unable to conduct a meaningful review. Hence, we reverse the circuit court's denial of attorney fees.

903 S.W.2d at 682. We remanded the case to the circuit court with instructions that if the circuit court maintained its conclusion that no fees should be awarded, it should explain its reasons for denying the request.

On remand, the circuit court said in its order awarding additional attorney fees:

BE IT REMEMBERED that on the 20th day of October, 1995, appeared Class Counsel Thomas Bellman, James Allen, Howard Sedran, Robert B. Reeser, Jr., James T. Buckley and Kenneth M. Dake, and also appeared R. Lin Alexander, Fund Administrator. Thereupon evidence, testimony and arguments were heard by the Court on Class Counsels' Motions for Reconsideration of Supplemental Attorneys Fees originally denied by this Court and reversed by the Missouri Court of Appeals, Western District.

NOW ON THIS 10th day of May, 1996, the Court upon being fully advised in these premises, finds as follows:

That on the 22nd day of December, 1992, Class Counsel were awarded attorneys' fees in the total sum of ... $2,583,-662.00 ... from the Sub–Class Settlement Fund and Community Benefit Fund established and funded pursuant to the Settlement Agreement approved by this Court.

. . . .

That class counsel who appealed an earlier denial of additional attorneys' fees have steadfastly maintained in their oral argument and written suggestions that they are entitled to 33⅓ percent of the gross settlement funds, partly based upon contingent contracts procured from their respective clients prior to certification of this cause as a class action.

. . . .

That this Court considers and indicated in its said Order awarding fees and reimbursement to Class Counsel, that the attorneys' fees awarded therein were adequate, reasonable, full and complete up to the date of entry of said Order.

That also in said Order, the Court acknowledged that a future award of additional attorneys' fees would require consideration of the nature and extent of the services of class counsel that may *thereafter* be provided to class members after the date of said Order.[1]

. . . .

That the Court has been advised that class counsels' participation in the claims process enabled the Fund Administrator to thoroughly review and evaluate the claims presented to the Fund Administrator.

That the Court considers the pleadings, affidavits and suggestions filed herein by Plaintiffs' counsel in support of an award of supplemental attorneys' fees and counsels' requests for reimbursement of expenses advanced by counsel.

That the Court finds the affidavits of counsel describe in detail the services rendered to the Fund Administrator by counsel and their staff, services for which counsel expected to be and are entitled to be compensated based upon the Court's previous Order.

. . . .

IT IS THEREFORE THE ORDER AND JUDGMENT of this Court that supplemental attorneys' fees in the sum of $129,183.10 be and are hereby awarded to Class Counsel, of which $90,428.17 is to be paid from the Subclass Settlement Fund and $38,754.93 is to be paid from the Community Benefit Fund.

In appealing the order, the appellants assert that the circuit court abused its discretion because the additional award of attorney fees was unsubstantiated and inconsistent with the uncontroverted facts and the applicable law regarding attorney fees in class action lawsuits. We disagree.

Attorney fees is a matter within the circuit court's sound discretion. The circuit court is an expert on the question of attorney fees. Because the circuit court knows all of a case's issues, it may set a fee award without the aid of evidence. *Roberts v. Mc Nary,* 636 S.W.2d 332, 338 (Mo.banc 1982)(overruled in part on other grounds in *Keller v. Marion County Ambulance District,* 820 S.W.2d 301 (Mo.banc 1991)); *Nelson v. Hotchkiss,* 601 S.W.2d 14, 21 (Mo.banc 1980). The circuit court's discretion, of course, is not without limits. It must not act arbitrarily or with indifference. *Roberts, id.* at 338; *Nelson, id.* at 21. In determining the reasonable value of legal services, the circuit court should consider the time spent, nature and character of services rendered, nature and importance of the subject matter, degree of responsibility imposed on the attorney, value of property or money involved, degree of professional ability required and the result. *Union Center Redevelopment Corporation v. Leslie,* 733 S.W.2d 6, 9 (Mo.App.1987). The circuit court, however, may refuse to award attorney fees so long as it gives the matter proper judicial consideration. *Roberts,* 636 S.W.2d at 338; *Nelson,* 601 S.W.2d at 21.

The circuit court's order shows that it gave the matter proper judicial consideration and that it did not act arbitrarily or with indifference. The circuit court acknowledged that it had been advised about class counsels' participation in the claims process, and it acknowledged that it had the affidavits of counsel which described in detail the services rendered to the fund administrator by counsel and their staff. Such acknowledgements establish that it gave adequate consideration. We discern no basis for concluding that the circuit court abused its discretion.

---

1. Emphasis in original.

Appellants assert that the attorney fees in class actions suits should be calculated on a percentage basis and that they are entitled to 33⅓ percent of the settlement. We discern no legal basis for concluding that attorney fees in class action suits must be calculated on a percentage basis, though doing so is proper, or that a reasonable fee must equal at least 33⅓ percent.

LOWENSTEIN, P.J., and HOWARD, J., concur.