

# In the Missouri Court of Appeals
# Eastern District

DIVISION FOUR

| | | |
|---|---|---|
| CITY OF O'FALLON, MISSOURI, CITY OF TROY, MISSOURI, and CITY OF ORRICK, MISSOURI, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | ED102562 Appeal from the Circuit Court of St. Louis County |
| Plaintiffs/Respondents, | ) ) | |
| and | ) ) | |
| CITY OF BUTLER, MISSOURI, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | |
| CENTURYLINK, INC., CENTURYTEL OF MISSOURI, L.L.C. d/b/a CENTURYLINK, CENTURYTEL LONG DISTANCE, L.L.C. d/b/a CENTURYLINK LONG DISTANCE, EMBARQ, MISSOURI, INC., SPECTRA COMMUNICATIONS GROUP, L.L.C., EMBARQ COMMUNICATIONS, INC., and CENTURYLINK COMMUNICATIONS, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) | Honorable Joseph S. Dueker |
| Defendants/Respondents. | ) ) | Filed: March 29, 2016 |

## Introduction

The City of Butler, Missouri (Appellant) appeals from the trial court's December 12, 2014 judgment awarding attorney's fees to class action counsel (Class Counsel), and denying Appellant's motion for attorney's fees. We dismiss.

Factual and Procedural Background

The class action underlying this appeal involved cities or municipalities in Missouri that were serviced by CenturyLink, Inc.; CenturyTel of Missouri, L.L.C. d/b/a CenturyLink; CenturyTel Long Distance, L.L.C. d/b/a CenturyLink Long Distance; Embarq, Missouri, Inc.; Spectra Communications Group, L.L.C.; Embarq Communications, Inc.; and CenturyLink Communications, L.L.C. (Defendants) in various telephonic and telecommunication capacities. These cities imposed business license taxes on income Defendants derived from the provision of such services that Defendants neglected to pay. Plaintiffs were represented throughout negotiations by Class Counsel. The negotiations ended in a favorable settlement for Plaintiffs.

The three named plaintiffs, also referred to as the class representatives, were the City of O'Fallon, the City of Troy, and the City of Orrick. On May 10, 2012, the petition filed by Class Counsel on behalf of the named plaintiffs and all others similarly situated alleged Defendants underpaid license taxes in connection with the provision of telephone services to certain Missouri municipalities. Defendants denied Plaintiffs' allegations and alleged various defenses. After removal to the U.S. District Court for the Eastern District of Missouri at Defendants' request, the federal court remanded it to the circuit court of St. Louis County. On March 21, 2013, the case was reopened from mandate in the circuit court and Judge Joseph S. Dueker was assigned. The parties began to engage in settlement discussions and negotiations which continued for over one and one-half years. In addition to the three named plaintiffs, Class Counsel entered appearance on behalf of municipalities in twelve other counties in Missouri.

On August 14, 2014, Cunningham, Vogel and Rost, P.C. ("CVR") entered their appearance in the action on behalf of putative class members, the cities of Aurora, Cameron, Harrisonville, Oak Grove, and Wentzville ("the Aurora 5").

After extensive settlement negotiations between Plaintiffs by Class Counsel and Defendants, facilitated and overseen by Judge Dueker, the parties reached an agreement on material terms and submitted a preliminary proposed settlement to Judge Dueker. Plaintiffs and Defendants jointly moved for preliminary approval of the class settlement. A hearing was held on August 22, 2014, at which time Judge Dueker preliminarily approved the settlement and certified the following settlement class:

> [A]ll Municipalities in the State of Missouri that, on or before August 22, 2014, have imposed a Business License Tax and in which Defendants or any of them derived gross receipts from the provision of telephone, exchange telephone, public utility, or telecommunications services, or related services. ***Excluded from the Settlement Class are the City of Aurora, Missouri, the City of Cameron, Missouri, the City of Harrisonville, Missouri, the City of Oak Grove, Missouri, and the City of Wentzville, Missouri (collectively, the "Aurora Plaintiffs")[the Aurora 5] and the City of Jefferson, Missouri.***

On September 3, 2014, CVR entered appearance on behalf of the cities of Columbia, Joplin, Butler, Warrenton, Platte City, Saint Joseph, Cape Girardeau, Liberty, Overland, Monett, Warson Woods, Webster Groves, Fenton, Green Park, and Lee's Summit ("Unnamed Class Members"). CVR also again entered their appearance on behalf of the Aurora 5. CVR also filed a motion to vacate the preliminary settlement and stay the proceedings, and a motion to shorten time.

On September 5, 2014, the court held a hearing. The court denied CVR's entries of appearance and the motions to vacate, stay, and shorten time. Also at this hearing, Judge Dueker ordered a first-class mailing of notices and claim forms to all municipalities in the State of Missouri. The notices sent to every municipality in Missouri on September 5, 2014, set out all of the terms included in the preliminary settlement; including a settlement amount, the amount of Class Counsel's attorney's fees, and formulas and methods for determining both; and advice of class members' right to counsel and to voice objections at the final fairness hearing, or to simply

3

opt out of the proceeding if so desired. The notice also included the criteria for participating in the class action settlement and a claim form to be filled out and returned confirming the particular municipality's qualifications to participate by fulfilling the definition of a class member. The notice gave participating class members 60 days from the date of mailing notice to respond and confirm their qualifications, *i.e.,* that Defendants serviced their city; they imposed by ordinance a license tax which Defendants did not pay; and they agreed to be bound by the terms of the settlement or to voice objections to portions with which they did not agree. The notices also notified the recipients they had 45 days to opt out of the entire proceeding. Finally, the notice included the judge's order that a final fairness hearing regarding the preliminary settlement was scheduled for December 12, 2014.

In September 2014, the City of Columbia and 17 other municipalities ("the Columbia 18"), represented by CVR, filed multiple objections to the settlement while reserving the right to exclude itself from the settlement class. Appellant Butler did not join in these objections. They filed notices of their intentions to appear, motions for a hearing on their objections, motions to amend the protective order Defendants had in place, motions to compel disclosure of information from Defendants, and motions to stay the proposed settlement. CVR filed another entry of appearance on behalf of the Columbia 18. Plaintiffs and Defendants formally opposed the motions. On September 26, 2014, the trial court heard the motions, and rejected every motion and objection filed by CVR except that the court authorized supplemental notices to be sent to purported class members more closely tracking the required language of Rule 52.08(c)(2)[1] with regard to entering an appearance via counsel, to-wit: that class members have a right to have a lawyer appear for them until and unless they opt out.

---

[1] All rule references are to Mo.R.Civ.P. 2014, unless otherwise indicated.

4

The court also confirmed the new objection/opt out deadline was October 27, 2014, because the initial notices sent by Defendants to potential class members wrongly indicated the deadline for objections/opt outs was October 27, despite the court's order which correctly provided that the deadline was October 20.[2] The trial court further noted that class members, *i.e.,* Columbia, cannot make objections to the settlement and reserve the right to opt out because these are mutually exclusive positions.

On October 22, 2014, eighteen[3] of twenty-four municipalities represented by CVR withdrew their objections and opted out of the settlement proceedings. On October 27, 2014, CVR's Butler, Buckner, Maryville, Platte City, and Warrenton ("the Butler 5") reasserted their previously filed objections[4] as well as filed new ones, to-wit: (1) the "clear sailing" attorney's fee provision in the proposed preliminary settlement is cause for concern because it indicates collusion between Class Counsel and Defendants, (2) the requested attorney's fee for Class Counsel is too high and should be reduced, and (3) the settlement agreement unfairly requires class members to file objections before the application for attorney's fees and expenses and briefing in support is filed, and before the order and judgment is entered.[5] Interestingly, in conjunction with these objections to the settlement, CVR indicated they would withdraw their objections in return for Binding Unilateral Agreements (BUA), which would provide that Defendants shall not enforce ordinance exclusions against CVR cities, Defendants shall pay additional attorney's fees to CVR, and the agreements shall not apply to CVR cities that object or opt out. These agreements were found by the court in its December 12, 2014 Order and

---

[2] 45 days from September 5, 2014, was October 20, 2014.

[3] Adrian, Columbia, Fenton, Green Park, Joplin, Lee's Summit, Liberty, Malden, Monett, Neosho, Overland, Raytown, Saint Joseph, Warson Woods, Webster Groves, Woodson Terrace, Webb City, and Riverside.

[4] This reassertion included Butler, although Butler had not yet filed any objections. The reasserted objections were ones previously filed by Buckner on September 18, 2014 and Maryville, Platte City, and Warrenton on September 23, 2014.

[5] These three new objections correspond to Points I, II and IV on appeal.

Judgment overruling the Objections to the Class Settlement to afford preferential treatment to CVR cities in return for staying in the class and to be motivated by CVR's self-interest rather than any genuine desire to improve the class settlement.

On November 11, 2014, the Butler 5 objectors filed a Supplement to Objections, to-wit: "The Cities of Buckner, Butler, Maryville, Platte City, and Warrenton, Missouri state that they intend to present testimony and evidence from Nancy Thompson, City Counselor, City of Columbia, Missouri, at the Final Fairness Hearing on December 12, 2014 in support of their objections." This supplement was filed beyond the October 27, 2014 deadline.

On November 20, 2014, a hearing was held, at which the court granted Plaintiffs' motion for approval of a second supplemental notice of class settlement and motion to shorten time. This second supplemental notice allowed for opt outs up to and including the day of the Final Fairness Hearing.

On December 5, 2014, Plaintiffs moved for final approval of the settlement, and filed a motion to strike the Supplement to Objections filed by the Butler 5 on November 11, 2014 as untimely and to bar testimony from the City Counselor of the City of Columbia, a city which had opted out of the settlement. CVR had also denied Plaintiffs' request to depose Columbia's City Counselor.

On December 10, 2014, the following 29 cities requested exclusion: Adrian, Arcola, Canalou, Columbia, Fenton, Green Park, Joplin, Lee's Summit, Leonard, Liberty, Malden, Monett, Neosho, Overland, Ravenwood, Raytown, Ritchey, Riverside, Rush Hill, Saint Joseph, Saint Peters, Sheridan, South Gifford, Three Creeks, Warson Woods, Weatherby, Webb City, Webster Groves, and Woodson Terrace. Two hundred fifty-four cities' claims were approved. Thirty cities' claims were ineligible due to deficiency.

6

On December 12, 2014, the Butler 5 withdrew their Supplement to Objections and Motion to present the testimony of Columbia's City Counselor.

On December 12, 2014, the Final Fairness Hearing regarding the preliminary settlement was held. On December 12, 2014, the court entered its Order and Judgment Approving the Settlement and its Order and Judgment Approving Attorney's Fees for Class Counsel. The trial court dismissed with prejudice the class action. The trial court overruled the Objections to the settlement. The cities of Buckner, Butler, Cape Girardeau, Maryville, Platte City, and Warrenton also objected to Class Counsel's Application for an Award of Attorney's Fees, and submitted a proposed Judgment and Order in which the trial court would deny in part and sustain in part Class Counsel's Application for an Award of Attorney's Fees, such that the court would award $2,395,294.34 in attorney's fees to Class Counsel, and $430,788.66 in attorney's fees to the Objecting Class Members and at their request, such amount would be paid to Objecting Class Members' counsel, CVR, to be held in trust by CVR for its clients. The trial court denied this proposed Judgment and Order.

CVR did not file a written motion for attorney's fees, other than the above proposed Judgment and Order which asked for a specific amount of attorney's fees but then stated it would hold the monies in trust for the Objecting Class Members. CVR maintains it orally asked the court for attorney's fees in general at the Final Fairness Hearing, but did not submit any evidence such as affidavits or time sheets in support of its hours worked or amount claimed. Class Counsel submitted extensive supporting documentation for the amount of attorney's fees it sought, in addition to the fact that the amount had been part of the preliminary settlement from the beginning and noticed to all class members and purported class members. Class Counsel substantiated the amount further under a lodestar analysis, a percentage of the fund analysis, and

7

a marketplace analysis. Class Counsel fully briefed the matter, to which the court gave thorough consideration at the Final Fairness Hearing, before approving the request in its Order and Judgment Approving Attorneys' Fees for Class Counsel.

This appeal follows.

Points on Appeal

In its first point, Appellant maintains the trial court erred in awarding attorney's fees to Class Counsel because the deadline for Class Members to object to the amount of the fees was prior to the deadline for Class Counsel to request the fees.

In its second point, Appellant claims the trial court failed to apply a heightened standard of scrutiny when considering the amount of attorney's fees it awarded Class Counsel because the amount was contained in a clear sailing clause.

In its third point, Appellant asserts the trial court failed to apply a heightened standard of scrutiny when considering the amount of attorney's fees it awarded Class Counsel because it adopted Class Counsel's proposed judgment of attorney's fees as its own.

In its fourth point, Appellant states the trial court erred in awarding Class Counsel $2,826,083 in attorney's fees because such a high amount was an abuse of discretion in that it was based on improper amounts, unfair, unwarranted, and an unreasonable amount at a percentage higher than the 25% contained in the settlement agreement and unsupported by the circumstances in this case including but not limited to the errors of Class Counsel, their self-serving actions to obstruct class members' participation, and their inclusion of terms such as the clear sailing provision.

In its fifth point, Appellant contends the trial court erred in denying CVR's request for attorney's fees because Appellant produced a beneficial result for the class in that Appellant protected the rights of absent class members, aided in the court's review of the case, and brought

8

to light issues of fairness and errors in the settlement agreement and notice that would have otherwise gone uncorrected.

## Standard of Review

The matter of attorney's fees is within the circuit court's sound discretion. In re Alcolac, Inc. Litigation, 945 S.W.2d 459, 461 (Mo.App. W.D. 1997).

## Discussion

## Points I – IV Class Counsel Attorney's Fees

Appellant's first four points allege error in the trial court's award of $2,826,083 in attorney's fees to Class Counsel. Appellant complains the deadline for objecting to the amount of fees was premature, the amount was contained in a "clear sailing provision" and thus suspicious, the court failed to apply a heightened standard of scrutiny when considering the amount because it adopted Class Counsel's proposed judgment and order in total, and the amount was too generous. Despite the fact that we find each of these criticisms to be substantively without merit, and already addressed in comprehensive fashion by the trial court, we must primarily dismiss them because they are moot. Their mootness is dispositive of their outcome on appeal.

The mootness of a controversy is a threshold question in any appellate review of that controversy. State ex rel. Chastain v. City of Kansas City, 968 S.W.2d 232, 237 (Mo.App. W.D. 1998). A case must be dismissed as moot whenever an event occurs that renders a decision unnecessary. State ex rel. Garden View Care Ctr. v. Missouri Health Facilities Review Comm., 926 S.W.2d 90, 91 (Mo.App. W.D. 1996). Generally, the voluntary satisfaction of a judgment renders any appeal from that judgment moot. State ex rel. Missouri Highway and Transp. Com'n v. Christie, 890 S.W.2d 1, 2-3 (Mo.App. W.D. 1994), citing Kinser v. Elkadi, 654 S.W.2d 901,

9

904 (Mo.banc 1983). See also, Two Pershing Square, L.P. v. Boley, 981 S.W.2d 635, 638 (Mo.App. W.D. 1998).

In Exhibit A to Class Counsel's Motion to Dismiss Appeal by Objector/Appellant Butler, Missouri, with Combined Suggestions in Support, Class Counsel submits its Satisfaction of Judgment. Class Counsel filed the Satisfaction of Judgment with the trial court on March 26, 2015. The Satisfaction of Judgment indicates Class Counsel acknowledges the trial court's Order and Judgment Approving Attorneys' Fees for Class Counsel, filed December 12, 2014, has been satisfied in full by Defendants. Rule 74.11 provides for satisfaction of a judgment:

(a) Acknowledgment of Satisfaction. When any judgment or decree is satisfied otherwise than by execution, the judgment creditor shall immediately file an acknowledgment of satisfaction.
(b) Who May Enter Satisfaction. Satisfaction may be entered by the judgment creditor, his attorney of record, or an agent; if entered by an agent who is not the attorney of record, his authority shall be filed.

When the judgment has been paid, the issue is settled and the question is moot. Stevens Family Trust v. Huthsing, 81 S.W.3d 664, 667 (Mo.App. S.D. 2002); State v. Ethridge, 29 S.W.3d 420, 421 (Mo.App. S.D. 2000).[6]

Appellant posted no supersedeas bond pursuant to Rule 81.09 to prevent payment of the attorney's fees and satisfaction of the judgment. Rule 81.09(a) suggests a city or municipality is not required to post a bond or seek a stay and an appeal by a city or municipality automatically stays the execution of a Missouri judgment. Rule 81.09(a). However, although a municipal appeal under Rule 81.09(a) may stay the execution of a judgment automatically, it does not

---

[6] Although not yet addressed specifically in Missouri, this rule has been held in other jurisdictions to apply to the appeal of an award of attorney's fees by an intervenor class member in a class action. See, e.g., Butt v Evans Law Firm, P.A., 98 S.W.3d 1, 13 (Ark. 2003) (The contest of attorney's fees after those fees had been paid is moot.). In Butt, the court acknowledged the intervenor class member who was contesting the amount paid was not the party who actually paid the attorney's fees but nevertheless, the court refused to examine previously paid attorney's fees when no supersedeas bond was posted and no stay of the order granting fees was issued. Id.

necessarily prevent the voluntary satisfaction of a judgment by the defendant without need for execution, thus still rendering the appeal from that judgment moot.

Our finding of the mootness of Appellant's first four points is buttressed by the following factual realities. Appellant ultimately accepted the terms of the settlement. Appellant did not choose to opt out. Appellant does not appeal from the judgment of settlement. Most of the settlement proceeds have been paid out to hundreds of class member cities. The judgment of attorney's fees has been voluntarily satisfied.

A party may estop himself from appealing a judgment by performing any acts that are inconsistent with the right to appeal or which recognize the validity of the judgment. Steen v. Colombo, 799 S.W.2d 169, 174 (Mo.App. S.D. 1990). The estoppel may consist of any voluntary act which expressly or impliedly recognizes the validity of the judgment, order or decree. Id.

We also question whether Appellant has standing in this appeal. Appellant failed to successfully intervene in the case before the trial court. In Ring v. Metropolitan St. Louis Sewer Dist., 41 S.W.3d 487 (Mo.App. E.D. 2000), this Court addressed the issue of standing to appeal with regard to an unnamed class member post-settlement:

> No Missouri case has directly considered whether an unnamed class member who was denied intervention has standing to appeal the approval of a class action settlement. Missouri Rule 52.08 is identical to Rule 23 of the Federal Rules of Civil Procedure; therefore, we look to federal precedent for guidance…. No Eighth Circuit case has directly addressed whether an unnamed class member has standing to appeal the fairness of a settlement after a motion to intervene in the underlying case was denied. However, in *Croyden Assoc. v. Alleco Inc.*, 969 F.2d 675 (8th Cir.1992), an unnamed class member submitted written objections to the proposed class action settlement, appeared at the fairness hearing, and made oral objections at the fairness hearing, but failed to make a motion to intervene. *Croyden*, 969 F.2d at 677. Relying on *Guthrie v. Evans*, 815 F.2d 626 (11th Cir.1987) and *Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988), the Eighth Circuit held that "unnamed class members who object to a settlement must move to intervene, and they will be denied standing to appeal

11

when they have not done so." *Id.* at 679. In *Guthrie*, the court held that unnamed class members do not have standing to appeal a final judgment binding on the class members, indicating three reasons. *Guthrie*, 815 F.2d at 628. First, unnamed class members have not followed the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure and therefore cannot represent the class. *Id.* Second, unnamed class members who disagree with the course of the class action have adequate procedures available to protect their interest. *Id.* Third, class actions could become unmanageable and non-productive if each member could individually decide to appeal. *Id.*

In *Marino*, the Supreme Court held that because the petitioners were not parties to the underlying case and because the petitioners failed to intervene in the underlying lawsuit they could not appeal the settlement. *Marino*, 484 U.S. at 304, 108 S.Ct. at 587. The Court noted the well-settled rule that only parties to a lawsuit or those who properly become parties may appeal an adverse judgment. *Id.* The Court also noted that "the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." *Id.*

While the cited cases do not specifically address standing to appeal when an unnamed class member's motion to intervene is denied, we find the reasoning in *Marino* and *Guthrie*, adopted by the Eighth Circuit in *Croyden*, to be persuasive here. Requiring intervention as a condition for appeal insures that class actions will continue to serve their purpose in making the litigation manageable. In addition, when a motion to intervene is denied the party still may appeal the denial of the motion. *Marino*, 484 U.S. at 304, 108 S.Ct. at 588; *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 291 (Mo.banc 1978). We find that neither the Barnes-Jewish class members nor the Roberts class members have standing to appeal the adequacy of the settlement agreement because their motions to intervene were denied. The motions to dismiss are sustained.

Ring, 41 S.W.3d at 490-91.

Although in the instant case Appellant is appealing the court's judgment awarding attorney's fees to Class Counsel, and not the court's judgment approving the settlement, the instruction of Ring regarding standing still applies. Likewise, in the Butt case, the 3,019 class members who were appealing the award of attorney's fees but had not successfully intervened in the case below were found to lack standing to appeal the award of attorney's fees and were dismissed. Butt, 98 S.W.3d at 7. Only one remaining class member, Mr. Butt, had intervened in the class action and thus his appeal was allowed to proceed to the extent it was not mooted by the

12

voluntary payment of the attorney's fees by various defendants, discussed *supra* in footnote seven of this opinion. See Butt, 98 S.W.3d at 6-7.

Point V − CVR Attorney's Fees

With regard to Appellant's fifth point, the failure of the court to award CVR attorney's fees, CVR never petitioned the court for attorney's fees. CVR contends it asked for them generally and orally at the hearing, but CVR never submitted supporting evidentiary documentation of the hours they spent on the case, tasks performed, hourly rate, or affidavits in support of any of these things. Rather, they asked the court to award Appellant and the other objecting class members represented by CVR (collectively the Butler 5 and Cape Girardeau) $430,788.66 in a Proposed Order and Judgment, to be paid to CVR who "shall hold those monies in trust in a separate segregated account for their clients and shall not commingle such monies with its own monies." This is not a proper way to submit a request or petition to the court for an award of attorney's fees. Again, on appeal, CVR does not ask for a specific amount of attorney's fees supported by itemized documentation. Without evidence in front of us, evidence which necessarily had to have been before the trial court, it is impossible for this Court on appeal to evaluate what amount of attorney's fees, if any, to which CVR is entitled. The fact that CVR never properly asked the trial court for attorney's fees renders this point meritless. We cannot convict the trial court of error on an issue that was not properly before it to decide. Blanks v. Fluor Corp., 450 S.W.3d 308, 383 (Mo.App. E.D. 2014).

Circuit Court's Discretion on and Consideration of Attorney's Fees

Even if CVR's request for attorney's fees had been properly presented and preserved, the circuit court is an expert on the question of attorney's fees. In re Alcolac, 945 S.W.2d at 461. The circuit court's discretion, of course, is not without limits. It must not act arbitrarily or with

13

indifference. <u>Roberts v. McNary</u>, 636 S.W.2d 332, 338 (Mo.banc 1982); <u>Nelson v. Hotchkiss</u>, 601 S.W.2d 14, 21 (Mo.banc 1980). In determining the reasonable value of legal services, the circuit court should consider the time spent, nature and character of services rendered, nature and importance of the subject matter, degree of responsibility imposed on the attorney, value of property or money involved, degree of professional ability required and the result. <u>In re Alcolac</u>, 945 S.W.2d at 461. The circuit court, however, may refuse to award attorney's fees so long as it gives the matter proper judicial consideration. <u>In re Alcolac</u>, 945 S.W.2d at 461; <u>Roberts</u>, 636 S.W.2d at 338; <u>Nelson</u>, 601 S.W.2d at 21.

The circuit court's order shows it gave the matter of Class Counsel's attorney's fees proper judicial consideration and it did not act arbitrarily or with indifference. The circuit court acknowledged it had been advised about Class Counsel's participation in the claims process and that it had the affidavits of counsel which described in detail the services rendered to the fund administrator by counsel. Class Counsel presented three common methods of calculating attorney's fees in class actions, and they all resulted in the fee they requested being reasonable. The court held a lengthy and thorough hearing on the matter. The court itself observed the work and hours Class Counsel devoted to a complex litigation entailing sophisticated negotiations that resulted in a successful settlement for hundreds of class members. Such acknowledgements establish that the court gave the matter adequate consideration and heightened scrutiny. Twenty-five percent of the class fund is not an atypical percentage from which to calculate attorney's fees. There is nothing inherently inappropriate about a clear sailing provision with regard to attorney's fees, which are commonly used in class action settlement negotiations and inure to the benefit of both defendants and class members in the process because, under such an agreement, the defendant agrees not to contest the attorney's fees as long as the award falls beneath a

14

negotiated ceiling. The defendant gets an idea of its maximum exposure which facilitates completion of the settlement to the benefit of members of the plaintiff class. In this case, Defendants agreed not to oppose Class Counsel's motion for attorney's fees in an amount up to $2,826,083. The same is true for setting the deadline for class members to object to the amount of the requested attorney's fees prior to the deadline for class counsel to request said fees. There is also nothing suspect about the court adopting Class Counsel's proposed order and judgment and rejecting CVR's when it asked both sides to submit same after extensive hearing, briefing, and argument. We discern no basis for concluding that the circuit court abused its discretion with regard to its award of attorney's fees to Class Counsel and non-award of attorney's fees to CVR, albeit our condensed *ex gratia* review of the merits of the matter is mere surplus to our ultimate holding that the first four points on appeal are principally dismissed as moot and the fifth precluded from our review because it is unpreserved. Appellant's standing to bring this appeal is questionable as well, but not necessary to the resolution of this case.

## Conclusion

The appeal is dismissed.[7]

_____
SHERRI B. SULLIVAN, J.

Lisa S. Van Amburg, C.J., and
Kurt S. Odenwald, J., concur.

---

[7] Class Counsel's motion to dismiss based on frivolous appeal and request for costs, interest and damages for frivolous appeal pursuant to Rule 84.19 are denied. Class Counsel's motion to dismiss based on mootness is granted.